1 | Allen Ruby, Esq. SB #47109
Glen W. Schofield, Esq. SB #47308
2 | Steven A. Ellenberg, Esq., SB #151489
RUBY & SCHOFIELD
3 | 125 South Market Street, Suite 1001
San Jose, California  95113
4 | Telephone:  (408) 998-8500

5 | Attorneys for Plaintiff

6

7

8

9

10

ORIGINAL FILED

JAN 1 2 2005

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

E-FILING

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, L.P., | CASE NO. **C05    00198** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED**      HRL |
| ZURICH AMERICA INSURANCE COMPANY and GALLAGHER-PIPINO, INC., | |
| Defendants. | |

Comes now plaintiff SANTANA ROW HOTEL PARTNERS, L.P. ("plaintiff" or "Hotel Partners") and alleges as follows:

## PARTIES

1.    Plaintiff is a Texas limited partnership.  Plaintiff built, and now operates, the Valencia Hotel (the "Hotel"), a luxury hotel located at 355 Santana Row, San Jose, California.

2.    Plaintiff is informed and believes that defendant Zurich America Insurance Company ("Zurich") was and now is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.  On information and belief, Zurich is licensed to transact and is transacting the business of insurance in the State of California.

3.     Plaintiff is informed and believes that defendant Gallagher-Pipino, Inc. ("Gallagher") was and now is a corporation duly organized in the State of Ohio with its principal place of business in the State of Ohio. At all relevant times, Gallagher was the agent of Zurich for the purpose of binding, contracting for and documenting policies of insurance. In doing the things hereinafter alleged, Gallagher at all times acted as the agent for Zurich within the course and scope of such agency.

4.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent or employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity between plaintiff and defendants, and the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs.

6.     Venue is proper in this district under 28 U.S.C. §1391 in that the events giving rise to these claims occurred in this district and the defendants transact business here.

## GENERAL ALLEGATIONS

7.     The Hotel occupies real estate which plaintiff leases from FRIT San Jose Town and Country Village, L.L.C. ("FRIT"). The Hotel is part of a large mixed use, retail/residential community developed by FRIT.

8.     While the Hotel was under construction, and before the Fire, for valuable consideration Zurich issued its insurance policy number IM3184453-00 (the "Policy"), which insured plaintiff and others against losses caused by fire and other risks.

9.     Attached to this Complaint as Exhibits "A" and "B" respectively, are copies of Certificates of Insurance dated August 29, 2002 and January 8, 2003 which confirm that plaintiff was insured under the Policy.

10.     On August 19, 2002, while the Hotel was under construction, there was a fire at the Santana Row development (the "Fire"). The Hotel had been scheduled to open on or

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED                              2

1    about January 1, 2003, but because of the massive damage and destruction caused by the

2    Fire, the Hotel was not fully operational until more than a full year after its scheduled

3    opening.  The Fire caused losses to the plaintiff, including without limitation rental income

4    loss, extended general conditions, and soft costs in excess of $10 million.

5              11.    All of the losses suffered by plaintiff because of the Fire are covered by the

6    Policy.

7              12.    More than two years after the Fire, in September 2004, Zurich made a partial

8    payment to plaintiff under the Policy in the sum of $713,839.00 for losses suffered by

9    plaintiff because of the Fire.

10             13.    Also in September 2004, Zurich extended in writing through January 31,

11   2005, all statutes of limitation applicable to the claims asserted by plaintiff against Zurich in

12   this action.

13             14.    On or about December 23, 2004, Zurich denied in writing plaintiff's claim for

14   payments under the Policy, except for the partial payment of $713,839.00.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract Against Zurich)**

15

16

17             15.    Plaintiff realleges and incorporates by reference each and every allegation

18   contained in paragraphs 1 through 14 above.

19             16.    Plaintiff is an insured under the Policy.

20             17.    Plaintiff has performed all of its obligations under the Policy, or was excused

21   from performance.

22             18.    Plaintiff has demanded payment under the Policy in an amount to which

23   plaintiff is entitled, but Zurich has failed and refused and continues to fail and refuse to pay

24   plaintiff's covered losses, except for the partial payment of $713,839.00 in September,

25   2004.

26             19.    As a proximate result of Zurich's failure and refusal to comply with its

27   obligations under the Policy, plaintiff has been damaged in a sum in excess of $10,000,000,

28   together with interest thereon at the legal rate.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Tortious and Bad Faith Breach of Contract Against Zurich)

20.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19 above.

21.     As described above, Zurich has tortiously and in bad faith breached its obligation to plaintiff under the Policy and the law in the following fashion:

a.     Zurich has unreasonably delayed in its payment under the Policy.

b.     Zurich has failed to effectuate a prompt, fair and equitable payment of plaintiff's claims.

c.     Zurich has denied that it has any obligation to plaintiff despite representations made to plaintiff by Zurich and its agent Gallagher that the Policy covers the damages claimed by plaintiff and despite Zurich's concession that plaintiff is a named insured through its unconditional payment to plaintiff.

22.     As a direct and proximate result of Zurich's failure to pay benefits under the Policy, plaintiff has been damaged in an amount in excess of $10,000,000 plus interest.

23.     As a further, direct and proximate result of Zurich's wrongful conduct as herein alleged, plaintiff has been required to retain counsel in order to attempt to recover the benefits owed to it under the Policy as an insured.

24.     Zurich acted in conscious disregard of the rights of plaintiff, and was and has been guilty of malice, oppression and fraud in committing the acts described in this Complaint.  The conduct of Zurich warrants an award of punitive damages in an amount appropriate to punish Zurich and deter others from engaging in similar wrongful conduct.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

/////

/////

/////

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED                                          4

### THIRD CLAIM FOR RELIEF
#### (Breach of Third Party Beneficiary Contract
#### Against Gallagher and Zurich)

25.     By letter dated December 23, 2004, Zurich denied that it ever issued a policy of insurance to plaintiff, and further denied that it insured plaintiff in any manner whatsoever for losses suffered in the Fire.  Although plaintiff disputes these denials, plaintiff pleads the Third and Fourth Claims for Relief as alternative pleadings under Rule 8(e)(2), Federal Rules of Civil Procedure.

26.     Plaintiff incorporates by reference paragraphs 1-7, 10, 13 and 14 above.

27.     On or about March, 2001, FRIT on the one hand and Gallagher and Zurich on the other hand entered into a written contract under which Gallagher would procure a policy of insurance from Zurich that would insure plaintiff against a variety of hazards, including fire, associated with construction of the Hotel.

28.     This contract among FRIT, Gallagher and Zurich was expressly made for plaintiff's benefit to provide plaintiff with insurance against a variety of hazards, including fire, while the Hotel was under construction.  Gallagher and Zurich had actual knowledge that the contract was made for plaintiff's benefit.

29.     On information and belief, FRIT fulfilled all of its obligations under this contract.

30.     Gallagher and Zurich breached the contract by failing to obtain a policy of insurance which insured plaintiff from a variety of risks, including fire, associated with construction of the Hotel.

31.     As a result of the breach by Gallagher and Zurich, plaintiff has suffered damage in excess of $10 million.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
#### (Fraud Against Gallagher and Zurich)

32.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-7, 10, 13, 14 and 25-31 above.

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

1    33.    Gallagher and Zurich intentionally defrauded plaintiff as follows.

2    34.    On or about August 29, 2002, Gallagher and Zurich prepared and delivered to

3    plaintiff the "Evidence of Property Insurance" which is attached to this Complaint as

4    Exhibit "A". This document purports to show on its face that plaintiff is insured under

5    Zurich American Insurance Policy No. IM318445300, with insurance coverage limits

6    exceeding $200 million.

7    35.    Exhibit "A" is a fraud, and was known to be fraudulent by Gallagher and

8    Zurich when they prepared, made, and delivered it to plaintiff. Plaintiff was not insured

9    under Policy No. IM318445300, or any other policy of insurance issued by Zurich.

10   Gallagher and Zurich prepared and delivered this false evidence of property insurance with

11   the intent to conceal the breach of contract described in the Third Claim for Relief above,

12   and to deceive plaintiff into believing that it was insured for losses suffered in the Fire.

13   36.    Plaintiff reasonably relied upon the false evidence of property insurance to its

14   detriment, and suffered damage as a result.

15   37.    On or about January 8, 2003, defendants Gallagher and Zurich prepared and

16   delivered to plaintiff the "Evidence of Property Insurance" attached to the Complaint as

17   Exhibit "B". This document purports to show on its face that plaintiff is insured under

18   Zurich American Insurance Policy No. IM318445300, with insurance coverage limits

19   exceeding $200 million.

20   38.    Exhibit "B" is a fraud, and was known to be fraudulent by Gallagher and

21   Zurich when they prepared, made, and delivered it to plaintiff. Plaintiff was not insured

22   under Policy No. IM318445300, or any other policy of insurance issued by Zurich.

23   Gallagher and Zurich prepared and delivered this false evidence of property insurance with

24   the intent to conceal the breach of contract described in the Third Claim for Relief above,

25   and to deceive plaintiff into believing that it was insured for losses suffered in the Fire.

26   39.    Plaintiff reasonably relied upon the false evidence of property insurance to its

27   detriment, and suffered damage as a result.

28   /////

40.     The conduct of Gallagher and Zurich as aforesaid was willful, deliberate, malicious, oppressive and fraudulent, warranting an award of punitive and exemplary damages.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## PRAYER

Plaintiff prays judgment as follows:

1.     For compensatory damages against each defendant in excess of $10,000,000;

2.     For exemplary and punitive damages according to proof;

3.     For attorneys fees and costs of suit;

4.     For such other and further relief as the Court deems proper.

DATED:  January ¹³, 2005                    RUBY & SCHOFIELD


BY _____
           ALLEN RUBY
           Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED:  January ⁷, 2005                    RUBY & SCHOFIELD


By: _____
           ALLEN RUBY
           Attorneys for Plaintiff

I:\SANTANA ROW\P\District Court Complaint for Damages.doc

# EXHIBIT A

08/29/2002 10:28 FAX 3307265748          GALLAGHER PIPINO                    ☑004
                                         FRITSAN

## ACORD EVIDENCE OF PROPERTY INSURANCE

DATE (MM/DD/YY)
08/29/02

THIS IS EVIDENCE THAT INSURANCE AS IDENTIFIED BELOW HAS BEEN ISSUED, IS IN FORCE, AND CONVEYS ALL THE RIGHTS AND PRIVILEGES AFFORDED UNDER THE POLICY.

| PRODUCER | PHONE (A/C, No, Ext) 330 726-8177 | COMPANY |
|---|---|---|
| Gallagher Pipino, Inc.<br>7600 Market Street<br>P.O. Box 3849<br>Youngstown, OH 44513 | | Zurich-American Insurance Co. |

| CODE: | SUB CODE: |
|---|---|

AGENCY
CUSTOMER ID #:    3779

| INSURED | LOAN NUMBER | POLICY NUMBER |
|---|---|---|
| FRIT SAN JOSE TOWN & COUNTRY VILLAGE LLC<br>Rockville, MD  20852-4041 | 05/15/00 | TM718445300 |
| | 03/01/03 | CONTINUED UNTIL TERMINATED IF CHECKED |

THIS REPLACES PRIOR EVIDENCE DATED:

### PROPERTY INFORMATION

LOCATION/DESCRIPTION
Santana Row, San Jose, CA.
Hotel Valencia

### COVERAGE INFORMATION

| COVERAGE/PERILS/FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Builders Risk Coverage:<br>       Limit of Liability: Hard Costs<br>                               Soft Costs: | $200,000,000<br>$ 50,000,000. | $25,000.<br>14 days |
| Sublimits of Insurance:<br>   Transit:<br>   Offsite Storage:<br>Earthquake:<br>Flood: | $1,000,000.<br>$1,000,000.<br>$25,000,000.<br>$25,000,000. | $25,000.<br>$25,000.<br>5% value<br>$25,000. |

### REMARKS (Including Special Conditions)

Delay in Completion Endorsement, Extended Period of Indemnity: (356) days
                                                                365

### CANCELLATION

THE POLICY IS SUBJECT TO THE PREMIUMS, FORMS, AND RULES IN EFFECT FOR EACH POLICY PERIOD. SHOULD THE POLICY BE TERMINATED, THE COMPANY WILL GIVE THE ADDITIONAL INTEREST IDENTIFIED BELOW (90) DAYS WRITTEN NOTICE, AND WILL SEND NOTIFICATION OF ANY CHANGES TO THE POLICY THAT WOULD AFFECT THAT INTEREST, IN ACCORDANCE WITH THE POLICY PROVISIONS OR AS REQUIRED BY LAW.

### ADDITIONAL INTEREST

| NAME AND ADDRESS | | |
|---|---|---|
| Santana Row Hotel Partners, LP<br>Hotel Valencia<br>Santana Row<br>San Jose, CA. 95128 | MORTGAGEE<br>LOSS PAYEE | [X] ADDITIONAL INSURED |
| | LOAN # | |
| | AUTHORIZED REPRESENTATIVE | |

ACORD 27 (1/95)                                                    © ACORD CORPORATION 1995

# EXHIBIT **B**

## ACORD. EVIDENCE OF PROPERTY INSURANCE

DATE (MM/DD/YY) 01/08/03

THIS IS EVIDENCE THAT INSURANCE AS IDENTIFIED BELOW HAS BEEN ISSUED, IS IN FORCE, AND CONVEYS ALL THE RIGHTS AND PRIVILEGES AFFORDED UNDER THE POLICY.

| | |
|---|---|
| PRODUCER PHONE (A/C, No, Ext): 330 726-8177<br>Gagher Pipino, Inc.<br>7600 Market Street<br>P.O. Box 3849<br>Youngstown, OH 44513 | COMPANY<br>Zurich-American Insurance Co. |

CODE: SUB CODE:

AGENCY CUSTOMER ID #: 3179

INSURED
PRIT San Jose Town & Country Village LLC
C/O 1626 East Jefferson Street
Rockville, MD 20852-4041

| LOAN NUMBER | POLICY NUMBER IM3184453O0 |
|---|---|
| EFFECTIVE DATE 05/15/00 | EXPIRATION DATE 11/12/2002 CONTINUED UNTIL TERMINATED IF CHECKED |

THIS REPLACES PRIOR EVIDENCE DATED:

### PROPERTY INFORMATION
LOCATION/DESCRIPTION
Santana Row, San Jose, CA.
Hotel Valencia

### COVERAGE INFORMATION

| COVERAGE/PERILS/FORMS | | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|---|
| Builders' Risk Coverage:<br>Blanket Limit of Liability: | Hard Costs | $200,000,000<br>$ 50,000,000 | $25,000<br>14 days |
| Soft Costs:<br>Sublimits of Insurance:<br>Transit:<br>Offsite Storage:<br>Earthquake:<br>Flood: | | $1,000,000<br>$1,000,000<br>$25,000,000<br>$25,000,000 | $25,000<br>$25,000<br>5% value<br>$25,000 |

### REMARKS (Including Special Conditions)
Delay in Completion Endorsement - Period of Indemnity: 365 days

### CANCELLATION
THE POLICY IS SUBJECT TO THE PREMIUMS, FORMS, AND RULES IN EFFECT FOR EACH POLICY PERIOD. SHOULD THE POLICY BE TERMINATED, THE COMPANY WILL GIVE THE ADDITIONAL INTEREST IDENTIFIED BELOW 90 DAYS WRITTEN NOTICE. AND WILL SEND NOTIFICATION OF ANY CHANGES TO THE POLICY THAT WOULD AFFECT THAT INTEREST, IN ACCORDANCE WITH THE POLICY PROVISIONS OR AS REQUIRED BY LAW.

### ADDITIONAL INTEREST
NAME AND ADDRESS
Santana Row Hotel Partners, L.P.
(added as Additional Insured 7-15-01)

MORTGAGEE [X] ADDITIONAL INSURED
LOSS PAYEE
LOAN #

AUTHORIZED REPRESENTATIVE

ACORD 27 (3/93) © ACORD CORPORATION 1993