*E-FILED ON 2/7/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, GALLAGHER-PIPINO, INC. and ARTHUR J. GALLAGHER & CO., <br><br> Defendants. | No. C05-00198 RMW (HRL) <br><br> **ORDER SETTING HEARING ON ZURICH'S MOTION FOR AN ORDER AUTHORIZING DEPOSITIONS IN EXCESS OF 10** |

Pursuant to Civil Local Rule 7-11, defendant Zurich American Insurance Company ("Zurich") filed a "Motion for Administrative Relief Authorizing Depositions in Excess of 10." It requests an expedited hearing or order on its motion. Defendants Gallagher-Pipino, Inc. and Arthur J. Gallagher & Co. ("Gallagher Defendants") join in Zurich's motion and also request an expedited hearing. Plaintiff opposes the motion, arguing that it is procedurally improper and deficient as to the merits.

Preliminarily, it is not clear what, if any, meet-and-confer efforts were made before the instant motion was filed. Additionally, this court agrees that the instant motion is governed by Fed.R.Civ.P. 30, and was not properly brought pursuant to Civil Local Rule 7-11, which by its terms applies to "miscellaneous administrative matters, not otherwise governed by federal statute, Federal or local rule or standing order of the assigned judge." CIV. L.R. 7-11.

In any event, this court is not persuaded that expedition is warranted. The record presented indicates that (1) the District Court will hear dispositive motions on liability issues on March 27, 2006, and (2) defendants wish to depose plaintiff to prepare their respective motions on those issues. Defendants apparently have served separate Fed.R.Civ.P. 30(b)(6) deposition notices on plaintiff for each topic of examination. Although plaintiff objected to these multiple Fed.R.Civ.P. 30(b)(6) deposition notices, it indicates that it will produce a single witness to testify as to the noticed topics.

Boiled to its essence, the instant dispute appears to turn on the determination of how defendants' multiple Fed.R.Civ.P. 30(b)(6) deposition notices are to be counted against the presumptive ten-deposition limit. Nevertheless, the parties say that they have reached an impasse on the overarching issue as to whether each side should be allowed more than ten depositions, and it appears that the dispute may affect their discovery efforts beyond their anticipated dispositive motions on liability issues.

Based on the foregoing, IT IS ORDERED THAT:

1. The parties shall meet/confer on the issues in dispute. No later than **February 14, 2006**, each party shall file a declaration (a) detailing their meet/confer efforts on the issues; and (b) identifying the specific issues, if any, that have been resolved, as well as those that remain in dispute.

2. No later than **February 14, 2006**, Zurich and the Gallagher Defendants shall each file a reply. Their replies shall include the authority for and the effect of a litigant noticing multiple depositions under Fed.R.Civ.P. 30(b)(6) of a single corporate party.

3. No later than **February 14, 2006**, Zurich and the Gallagher Defendants shall submit to the court copies of their Fed.R.Civ.P. 30(b)(6) notices for plaintiff's deposition.

4. This matter is set for hearing on **February 28, 2006, 10:00 a.m. in Courtroom 2**.

Dated: February 7, 2006

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1 **5:05-cv-198 Notice will be electronically mailed to**:

2 Steven A. Ellenberg sellenberg@rubyschofield.com

3 Alan Michael Jones ajones@jonesturner.com, jgallagher@jonesturner.com

4 Allen Ruby aruby@rubyschofield.com

5 Glen W. Schofield gschofield@rubyschofield.com, bug@rubyschofield.com

6 Gary R. Selvin gselvin@selvinwraith.com,

7 Steven Donald Turner sturner@jonesturner.com, htornay@jonesturner.com

8 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.