IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Santana Row Hotel Partners, L.P., | NO. C 05-00198 JW |
| Plaintiff, | |
| v. | **ORDER DENYING ZURICH'S MOTION TO DISMISS** |
| Zurich America Insurance Company, Gallagher-Pipino, Inc., and Arthur J. Gallagher & Co., Inc., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Santana Row Hotel Partners, L.P. ("Plaintiff") brings this suit against Defendants Zurich American Insurance Company ("Zurich"), Gallagher-Pipino, Inc. ("Gallagher"), and Arthur J. Gallagher & Co. (collectively "Defendants") alleging breach of contract and fraud. Plaintiff alleges that Zurich failed to pay losses resulting from a fire which were covered by an insurance policy. Zurich has filed a Motion to Dismiss the First Amended Complaint, which contains six claims for relief. The Motion is noticed for hearing on February 27, 2006. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Based on the papers submitted by the parties, the Court DENIES Zurich's Motion to Dismiss.

## II. BACKGROUND

**A.     Factual Background**

In May 2000 Zurich issued a builders risk insurance policy ("Policy") to Federal Realty Investment Trust ("FRIT"), covering certain losses associated with FRIT's construction and development of a retail and residential community in San Jose known as Santana Row. (Zurich's Notice of Motion and Motion to Dismiss ("Mot."), Docket Item No. 69, at 1:4-7.) At the time Zurich issued the Policy, Plaintiff was leasing from FRIT the upper floors of a Santana Row building to build and operate a hotel. Zurich subsequently added Plaintiff as an Additional Insured under the Policy, although the date on which this occurred is in dispute. On August 19, 2002 there was a fire at the Santana Row development which caused massive damage and significant delays in the hotel's scheduled opening. (First Amended Complaint ("FAC"), Docket Item No. 58, ¶ 11.)

On August 29, 2002, ten days after the fire, and January 8, 2003 Defendants issued two Certificates of Insurance ("Certificates") which Plaintiff alleges are evidence that it was insured at the time of the fire. (FAC ¶ 10.) The Certificates, entitled "Evidence of Property Insurance," state at the top: "THIS IS EVIDENCE THAT INSURANCE AS IDENTIFIED BELOW HAS BEEN ISSUED, IS IN FORCE, AND CONVEYS ALL THE RIGHTS AND PRIVILEGES AFFORDED UNDER THE POLICY." (FAC, Exhibits A & B.) The effective date of the Policy on the Certificates is May 15, 2000, preceding the fire by two years. Both forms list Gallagher-Pipino as the producer of the document and Zurich as the insurance company. The Certificates identify FRIT as the insured and show that the Hotel Valencia at Santana Row is covered by the Policy under the "Property Information" section. The Certificates further specify the amount of insurance for each type of coverage, as well as the deductibles required by the Policy, and state under the section for special conditions that the Policy does cover, to some degree, delay in completion damages. Both Certificates list Plaintiff as an Additional Insured, but the second Certificate specifically indicates that Plaintiff was added as an additional interest on July 15, 2001. (FAC, Exhibit B.)

In addition, the Certificates contain language near the bottom of the forms which require that

2

upon termination of the Policy, Zurich would give 90 days written notice to the Additional Interest identified in the Certificate and send notification of any changes to the Policy that would affect that interest. (FAC, Exhibits A & B.) When Plaintiff claimed its losses under the Policy after the fire, the parties negotiated for approximately two years before Zurich made a partial payment of $713,839 in September 2004. (FAC ¶ 13.) Approximately three months after this partial payment, Zurich formally denied Plaintiff's claims under the Policy. (FAC ¶ 15.)

Plaintiff alleges its losses are covered by the Policy since Zurich added Plaintiff as an insured on July 15, 2001. (Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss (Opp'n"), Docket Item No. 80, at 7:26-28; see FAC ¶ 9 (although the FAC does not specify the date on which Defendant allegedly insured Plaintiff, Plaintiff clearly states that this occurred before the fire).) Plaintiff's losses include without limitation property damage, rental income loss, extended general conditions, and soft costs in excess of $10 million. (FAC ¶ 11.)

### B.     Procedural Background

Plaintiff filed the original Complaint on January 12, 2005. The first and second claims for relief allege breach of contract against Zurich. In the first claim, Plaintiff alleges that Zurich's failure to pay covered losses proximately caused Plaintiff's damages in excess of $10 million. (Complaint for Damages ("Compl."), Docket Item No. 1, ¶¶ 18-19.) Plaintiff's second claim for tortious and bad faith breach of contract is based on allegations that Zurich unreasonably delayed payment, failed to effectuate prompt and equitable payment of Plaintiff's claims, and denied its obligation to pay despite representations to Plaintiff that its losses were covered by the Policy. (Compl. ¶ 21.) In addition to actual damages (Compl. ¶ 22), Plaintiff seeks punitive damages because of Zurich's allegedly conscious disregard of Plaintiff's rights and fraud committed with regard to the Policy (Compl. ¶ 24).

The third claim in the original Complaint for breach of third party beneficiary contract alleges that, in March 2001, FRIT and Defendants entered into a written contract by which Gallagher would procure an insurance policy from Zurich for Plaintiff. (Compl. ¶ 27.) Plaintiff alleges the contract

3

1 was expressly made for its benefit, to provide insurance coverage for a variety of hazards associated
2 with construction and also against delay in completion damages. (Compl. ¶ 28.) Defendants
3 allegedly breached the contract in failing to obtain Plaintiff insurance and Plaintiff suffered damage
4 as a result. (Compl. ¶¶ 30-31.)

5 The fourth claim in the original Complaint alleges fraud with regard to the Certificates issued
6 by Defendants. Following the fire, Defendants issued the Certificates on August 29, 2002 and
7 January 8, 2003 to confirm to Plaintiff that the Policy covered its losses. (Compl. ¶¶ 34 & 37.)
8 Plaintiff alleges Defendants issued both Certificates, purporting to show that the Policy covered
9 Plaintiff, with an intent to conceal Plaintiff's lack of coverage and to deceive Plaintiff into believing it
10 was insured for losses resulting from the fire. (Compl. ¶¶ 34-35 & 37-38.)

11 Zurich moved to dismiss the entire original Complaint. In an Order dated May 25, 2005, the
12 Court summarily denied Zurich's Motion to Dismiss without prejudice, explaining that the Court
13 preferred to have the parties proceed with cross-motions for partial summary judgment on the issue of
14 insurance coverage. (Order Denying Zurich's Motion to Dismiss and Scheduling Hearing Date
15 Regarding Motions for Partial Summary Judgment on the Issue of Insurance Coverage ("Dismissal
16 Order"), Docket Item No. 31, at 1:20-22) Although the Dismissal Order did not explicitly so
17 indicate, the Court directed parties to file motions for partial summary judgment because it
18 recognized that the issue of insurance coverage was factually complex. On November 16, 2005,
19 Plaintiff sought and obtained leave to file the FAC. The FAC reasserts all four claims in the original
20 Complaint and added two new claims for relief. For the most part, the reasserted claims are identical
21 to the original Complaint. The Court recognizes some minor variations in the allegations of the
22 reasserted claims (see FAC ¶¶ 43 & 51-52), but finds that these variations do not substantively alter
23 the claims set forth in the original Complaint.

24 Plaintiff's third claim in the FAC, alleging promissory estoppel, is new to the FAC. Plaintiff
25 alleges that the Certificates issued after the fire constitute promises by Zurich to cover Plaintiff's
26 losses, including the delay in completion coverage. (FAC ¶ 27.) Defendant allegedly induced

4

reliance on the Certificates in negotiating payment of Plaintiff's claims as if coverage had existed. (FAC ¶ 30.) Plaintiff alleges that Zurich should be estopped from denying coverage under the Policy (FAC ¶ 34) because Zurich permitted a significant amount of time to lapse before definitively representing to Plaintiff that no coverage existed (FAC ¶ 31). Plaintiff alleges it changed its position and relied on the promises in the Certificates in finishing construction of the hotel following the fire. (FAC ¶¶ 28 & 33.)

Plaintiff adds the fourth claim to the FAC, alleging breach of a contract entered into by Zurich and Gallagher, under which Zurich agreed to adjust the claim involving damages to the hotel property and make Plaintiff an intended beneficiary under the Policy. (FAC ¶¶ 36-40.) Plaintiff alleges that it does not know whether the contract was oral, written, or partly oral and partly written, but alleges the existence and material terms of the contract are disclosed in a document served by Zurich in the course of discovery. (FAC ¶ 36.) Zurich allegedly breached its contract with Gallagher by failing to adjust the claim as if there were coverage under the Policy and Plaintiff has suffered damage as the intended beneficiary of the contract. (FAC ¶¶ 39-40.)

Zurich now moves to dismiss all six claims in the FAC. With regard to the first and second breach of contract claims, Zurich argues that Plaintiff was not insured under the policy at the time of the fire, and that Plaintiff was only added after the fire occurred, on October 9, 2002, through endorsement as an additional insured. (Mot. at 1:13-17.) Even if the Policy covered Plaintiff at the time of the fire, Zurich argues that the Policy expressly excluded the delay in completion damages Plaintiff seeks. (Mot. at 2:21-24.) With regard to the promissory estoppel claim based on the Certificates, Zurich asserts that the Certificates do not constitute promises of insurance coverage and that Plaintiff fails to allege how it reasonably relied on these promises to its detriment. (Mot. at 13:18-21 & 15:5-11.) As to the fourth and fifth claims for breach of third party beneficiary contract, Zurich contends it has no legal obligation under any contract to provide Plaintiff with insurance and that the alleged breaches did not cause Plaintiff's damages. (Mot. at 16:27-17:6.) In addressing the fraud claim, Zurich contends Plaintiff's allegations do not comply with the pleading requirements of

FED. R. CIV. P. 9(b) with regard to the element of detrimental reliance.  (Mot. at 3:17-25 & 15:5-11.)

## III. STANDARDS

FED. R. CIV. P. 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted.  A claim may be dismissed as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citing Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985)).

## IV. DISCUSSION

**A.     Effect of the Dismissal Order on the Current Motion to Dismiss**

Zurich's Motion to Dismiss the FAC is largely based on arguments that were already raised and summarily rejected in the context of Zurich's Motion to Dismiss the original Complaint.  Indeed, Zurich acknowledges as much and explains that it is reasserting its arguments simply to preserve these arguments on appeal.  See Mot. at 7:n1.  Having reviewed Zurich's arguments for a second time, the Court remains firmly convinced that the insurance coverage issues are factually intense and are therefore better resolved by way of summary judgment motions.  Accordingly, the Court, once again, summarily denies Zurich's Motion to Dismiss the claims for breach of contract, tortious and bad faith breach of contract, breach of third party beneficiary contract in failing to procure a policy for Plaintiff, and fraud.  The Court will address the remaining two claims in turn.

**B.     Promissory Estoppel (Third Claim for Relief)**

In the third claim for relief, Plaintiff alleges that Zurich should be estopped from denying coverage of Plaintiff's losses because the Certificates constituted promises by Zurich.  (FAC ¶ 27.)

1  Plaintiff alleges that not only did it rely on these promises, but Zurich further induced reliance on the
2  Certificates in negotiating payment of Plaintiff's claims as if coverage had existed. (FAC ¶ 30.)
3  Zurich allegedly waited to officially deny coverage until after Plaintiff finished construction and
4  Zurich had made a partial payment. (FAC ¶ 31.) Zurich moves to dismiss the promissory estoppel
5  claim on the ground that the Certificates cannot constitute promises because Zurich did not issue the
6  Certificates to Plaintiff. (Mot. at 13:8-21.) Even assuming these promises existed, Zurich moves for
7  dismissal because the terms of the promises are not clear and unambiguous (Mot. at 14:3-5), and
8  Plaintiff has failed to sufficiently allege reasonable reliance (Mot. at 15:5-11) and injury resulting
9  from breach of the promises (Mot. at 15:27-16:9).

To maintain a claim of promissory estoppel in California, a plaintiff must allege four elements: (1) a promise clear and unambiguous in its terms, (2) reliance by the party to whom the promise is made, (3) the reliance must be both reasonable and foreseeable, and (4) the party asserting estoppel must be injured by his reliance. Nahas v. City of Mountain View, 2005 WL 2739303, at *5 (N.D. Cal. 2005) (citing Laks v. Coast Fed. Sav. & Loan Assn., 60 Cal. App. 3d 885, 890 (Cal. Ct. App. 1976).

### 1. Issuance of the Certificates

Zurich asserts that in order for a promise to be enforceable, the promisor must have directly made the promise to the promisee. (Mot. at 13:3-7.) Under this argument, the Certificates cannot be "promises" upon which Plaintiff relied because Gallagher sent the Certificates to FRIT. Zurich asserts that the Certificates state on their face that they were prepared and sent by Gallagher, and further, that Zurich played no role in the issuance of the Certificates. (Mot. at 13:9-17.)

Taking Plaintiff's allegations as true, the Court finds there are sufficient allegations to overcome Zurich's argument that it did not make a promise to Plaintiff. First, Plaintiff alleges that at all relevant times, Gallagher acted as an agent of Zurich for the "purpose of binding, contracting for and documenting policies of insurance." (FAC ¶ 3.) Thus, the fact that Zurich did not actually issue and deliver the Certificates to Plaintiff is of no legal consequence. Second, Plaintiff alleges that

7

1 Zurich was aware that the Certificates were being provided to Plaintiff and that Plaintiff would rely
2 on them in its efforts to complete construction of the hotel.  (FAC ¶ 29.)  As such, Plaintiff has
3 sufficiently alleged that Gallagher made the promises contained in the Certificates on Zurich's behalf.

### 2. Clear and Unambiguous Promise.

Zurich next contends that the terms of the promise are vague and undeterminable because the Certificates do not clearly state what promise is being made.  (Mot. at 14:12-15.)  Zurich asserts that "on the face of either Certificate[,] it is impossible to determine what, if any, promise is being made." (Mot. at 14:14-15.)  Specifically, Zurich's interpretation of "clear and unambiguous" requires the Certificates to specify whether the promises "retroactively convey coverage to [Plaintiff] for a loss that had already occurred" or whether "the alleged coverage is prospective from the date of issue." (Mot. at 14:15-18.)  In response to Zurich's argument, Plaintiff points to specific portions of the Certificates as evidence of the clear promises.  Plaintiff further states in its Opposition that "[t]here is nothing in California law that makes a clear promise unclear simply based on when the promise occurs."  (Opp'n at 12:21-22.)

The Court is persuaded that the Certificates contain language that can reasonably be construed as setting forth a promise with clear and unambiguous terms.  The Certificate attached as Exhibit B states that Plaintiff is insured under the Policy as of July 15, 2001 (FAC, Exhibit B); both Certificates identify specified amounts of coverage, deductibles, and types of coverage.  (FAC, Exhibits A & B.)  That the Certificates were issued after the fire does not necessarily render the Certificates so unclear and ambiguous as to warrant dismissal of the promissory estoppel claim at the pleading stage.

### 3. Reasonable Reliance (Second and Third Elements of Promissory Estoppel)

Zurich argues that Plaintiff has failed to adequately allege reasonable reliance. (Mot. at 14:24-26 & 15:9-10.)  More specifically, Zurich contends that Plaintiff has failed to allege *how* it acted differently in relying on Zurich's promises.  In response, Plaintiff points to the following allegations in the FAC:  that it relied on the promises in constructing the hotel following the fire (FAC ¶ 28); that Zurich knew Plaintiff would rely on the promises in completing construction (FAC ¶ 29); and that

8

1 Zurich further induced reliance on the Certificates by negotiating payments as if coverage existed
2 (FAC ¶ 30).

3     The Court finds Plaintiff's allegations are sufficient to satisfy the Rule 8 notice pleading
4 standard.  Plaintiff is not required to provide any factual detail at this stage in the proceeding.   4.
5     <u>Injury Resulting from Reliance</u>

6     Zurich argues that its alleged breach of promises in the Certificates could not have caused
7 Plaintiff's injury because the fire caused Plaintiff's damages. (Mot. at 15:27-16:2.)  Zurich contends
8 that Plaintiff cannot use the Certificates, dated after the fire, to prove that Zurich's breach served as a
9 "substantial factor in bringing about that loss or damage." <u>U.S. Ecology, Inc. v. State of California</u>,
10 129 Cal. App. 4th 887, 909 (Cal. Ct. App. 2005).  Plaintiff responds by pointing out that Zurich has
11 refused to pay Plaintiff for its losses *despite* the promises contained in the Certificates. (Opp'n at
12 14:2-3.)

13     Zurich's argument overlooks Plaintiff's allegations entirely.  Plaintiff alleges that its injury
14 consists of reimbursement for losses to which Plaintiff is entitled and injuries caused by Plaintiff's
15 reliance on Zurich's false promise of insurance coverage. (Opp'n at 14:2-5.)  As the precipitating
16 event, the fire undisputably caused the physical damage which Plaintiff claims Zurich promised to
17 cover.  Plaintiff alleges it has suffered injury from Zurich's failure to pay Plaintiff what it was legally
18 entitled.  As such, Plaintiff has sufficiently alleged that it has been injured by its reliance on Zurich's
19 promises of payment.  For the above reasons, the Court DENIES Zurich's Motion with respect to the
20 promissory estoppel claim.

21 **C.     Breach of Third Party Beneficiary Contract (Fourth Claim for Relief)**

22     In the fourth claim for relief, Plaintiff alleges breach of a contract entered into by Zurich and
23 Gallagher under which Zurich agreed to adjust the Policy to make Plaintiff an intended beneficiary.
24 (FAC ¶¶ 36-40.)  Zurich contends that this claim must be dismissed because Plaintiff does not
25 describe any consideration that existed for entering into the contract (Mot. at 16:25-26) and Plaintiff
26 fails to show a causal relationship between breach of the alleged contract and Plaintiff's damages

27

28     9

(Mot. at 17:5-6).

Under California law, a breach of contract claim requires the plaintiff to prove the following elements: "(1) existence of the contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages." Tom Trading, Inc. v. Better Blue, Inc., 26 F.App'x 733, 735 (9th Cir. 2002) (citing First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (Cal. Ct. App. 2001).

### 1.   Consideration for the Contract

Zurich asserts that the claim must fail because consideration, an essential element of a contract, is not sufficiently pled in the FAC. (Mot. at 16:21-26.) The Court agrees with Plaintiff's statement that it need not allege consideration in pleading breach of contract. Zurich has not cited any case law supporting its contention that consideration must be alleged. In any event, in alleging the existence of a contract, Plaintiff has implicitly alleged that consideration also existed for entering into the contract. Moreover, Zurich itself has pointed out that on a Rule 12(b)(6) motion, the Court must assume Plaintiff's characterization of the material terms of the contract are correct. (Mot. at 16:27-17:1.)

### 2.   Causal Relationship Between Breach and Damages

Zurich propounds the same "substantial factor" theory to support dismissal of this claim as it did for the promissory estoppel claim. Zurich claims that the contract to adjust the Policy came into existence as late as February 2004, long after the fire occurred, yet Plaintiff alleges that breach of this contract caused the damages from the fire, which occurred in August 2002. (Mot. at 17:11-14.) Plaintiff asserts that taken to its logical conclusion, Zurich's argument would mean that an insurer should never be liable for breach of an insurance contract because the failure to pay damages cannot be the actual or physical event creating the loss. (See Opp'n at 15:10-13.)

Again, the Court is unpersuaded by Zurich's argument that the fire was the only substantial factor in the damage. The fact that the Defendants did not allegedly enter into this contract until well after the fire does not change the fact that Plaintiff suffered damages as a result of breaching the

contract, regardless of when the fire occurred. As characterized in Plaintiff's Opposition, the FAC alleges that Zurich's failure to adjust the claim as promised deprived Plaintiff of compensation to which it was entitled. (Opp'n at 15:9-10.) Plaintiff has sufficiently alleged the element of damages and the Court DENIES Zurich's Motion with respect to the Fourth Claim.

## V.  CONCLUSION

For the reasons set forth above, the Court DENIES Zurich's Motion to Dismiss the First Amended Complaint.

Dated: February 22, 2006                           /s/James Ware
05cv198dismiss                                           JAMES WARE
                                                         United States District Judge

11

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Michael Jones ajones@jonesturner.com
Allen Ruby aruby@rubyschofield.com
Gary R. Selvin gselvin@selvinwraith.com
Glen W. Schofield gschofield@rubyschofield.com
Steven A. Ellenberg sellenberg@rubyschofield.com
Steven Donald Turner sturner@jonesturner.com



**Dated: February 22, 2006**                    **Richard W. Wieking, Clerk**


                                              **By:__/s/JW Chambers_____**
                                                  **Melissa Peralta**
                                                  **Courtroom Deputy**

**United States District Court**
For the Northern District of California