*E-FILED ON 3/28/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, L.P., | No. C05-00198 RMW (HRL) |
| Plaintiff, | **ORDER (1) DENYING AS MOOT DEFENDANT ZURICH'S MOTION FOR LEAVE TO CONDUCT MORE THAN TEN DEPOSITIONS; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT ZURICH'S MOTION TO EXTEND TIME FOR THE DEPOSITION OF PLAINTIFF'S FED.R.CIV.P. 30(b)(6) WITNESS** |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, GALLAGHER-PIPINO, INC. and ARTHUR J. GALLAGHER & CO., | |
| Defendants. | **[Re: Docket No. 84]** |

This is an action for alleged breach of contract and fraud based on the court's diversity jurisdiction. Plaintiff Santana Row Hotel Partners, L.P. ("SRHP") is the owner and operator of the Hotel Valencia located at Santana Row. Briefly stated, SRHP claims that (1) it is an insured under a builder's risk insurance policy issued by defendant Zurich American Insurance Company ("Zurich"); and (2) the policy covers losses it sustained in a fire at Santana Row on August 19, 2002. It seeks over $10 million in damages. Zurich denies that it agreed to insure plaintiff under the policy or that it authorized others to bind coverage on plaintiff's behalf.

On March 28, 2006, this court heard Zurich's "Motion for Leave (1) to Conduct More than Ten Depositions Upon Oral Examination and (2) to Extend Time for the Deposition of

1  Plaintiff's 30(b)(6) Witness."  SRHP opposed the motion.  Defendants Gallagher-Pipino, Inc.
2  and Arthur J. Gallagher & Co. ("Gallagher Defendants") did not file any papers in connection
3  with the instant motion.  However, their counsel appeared at the hearing to state their agreement
4  with Zurich's position.  Upon consideration of the papers filed by the parties, as well as the
5  arguments of counsel, the court (1) denies as moot the motion for leave to conduct more than
6  ten depositions and (2) grants in part and denies in part the motion to extend the time for
7  SHRP's Fed.R.Civ.P. 30(b)(6) deposition.

**A.    Zurich's Motion for Leave to Conduct More than Ten Depositions**

Zurich's motion for leave to take more than ten depositions is DENIED as MOOT.  The parties advise that they have stipulated that defendants may take up to twenty depositions.

**B.    Zurich's Motion to Extend Time for Plaintiff's Fed.R.Civ. P. 30(b)(6) Deposition**

Zurich moves for an order permitting defendants (collectively) to depose plaintiff's Fed.R.Civ.P. 30(b)(6) designee for up to twelve days (i.e., 84 hours).  Zurich has noticed fifteen topics for plaintiff's deposition.  The Gallagher Defendants apparently have also separately served a notice for plaintiff's Fed.R.Civ.P. 30(b)(6) deposition.[1]  Zurich argues that twelve days are needed for a fair examination of plaintiff's designee because (1) there is a substantial amount in controversy in this litigation; (2) plaintiff's deposition testimony is key to resolving issues in dispute; (3) the issues of liability and damages are complex; (4) there are thousands of pages of documents (which apparently contain inconsistencies as to plaintiff's claimed losses); (5) there are multiple parties with a need to depose plaintiff; and (6) events which may be the subject of the deposition occurred over a period of more than two years.

SRHP has indicated that it will designate only one individual (i.e., Stanley Woelfel, SRHP's project manager) to testify on its behalf.  It offered to make Woelfel available for three days (21 hours) of deposition and contends that this should be sufficient time for a fair examination on all noticed topics.  Further, it argues that the instant motion should be denied because it is premature, excessive, redundant and unduly burdensome.

---

[1]    A copy of the Gallagher Defendants' notice was not submitted to the court on the instant motion.

2

1  Fed. R. Civ. P. 30(d)(2) limits a deposition to "one day of seven hours," but provides
2  that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed for a fair
3  examination of the deponent or another person, or other circumstance, impedes or delays the
4  examination." FED.R.CIV.P. 30(d)(2).

5  Plaintiff argues that defendants should first exhaust the offered 21 hours of deposition
6  before seeking relief from the court.  Generally, it is preferable for a party to proceed with the
7  deposition under available limits because only then will it be evident whether additional time
8  really is necessary.  *See Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (D. Mass.
9  2002) (directing the parties to proceed with the deposition, and stating that the court will not
10 intervene unless the parties are unable to stipulate to any additional time that may be needed).
11 At the same time, however, Fed.R.Civ.P. 30 does not require that available time limits be
12 exhausted before a party may move for relief.  Here, the parties agree that the instant litigation
13 is complex, and it is not clear that requiring defendants to proceed with the deposition first will
14 necessarily obviate the instant motion or lead to a more efficient resolution of the dispute.
15 Accordingly, the court is not inclined to deny the instant motion as premature.

16 Nor is the court persuaded that the information sought would necessarily be better
17 addressed through written discovery (as SRHP contends).  Here, Zurich points out that it has
18 already served written discovery requests and contends that plaintiff's responses are vague and
19 were made subject to a number of objections.  Defendants are entitled to explore plaintiff's
20 written discovery responses in deposition.  While plaintiff complains that some of the
21 information sought is not within its possession, custody or control, defendants are entitled to
22 depose plaintiff as to the information that it does have.

23 Nevertheless, there is some redundancy in Zurich's requested 84 hours of deposition.
24 For example, Zurich says that it needs two days to examine SRHP about "Why the Hotel
25 Valencia did not open for business in January 2003" (*see* Jones Decl., Ex. B (Topic (g)), and
26 several additional days to examine plaintiff about various claimed losses (*see id.*, Topics (h)-
27 (o)).  However, SRHP agrees that the bulk of its damages claim stems from the Hotel
28

3

1  Valencia's delayed opening, and it seems that there will likely be some overlap between Topic
2  (g) and the other topics pertaining to plaintiff's claimed losses.

3  There is also some redundancy in the noticed topics concerning SRHP's
4  communications with Zurich and others about procuring builder's risk insurance (i.e., Topics
5  (a) and (b)), but not as much as SRHP contends. SRHP says that it has already stated (in
6  response to requests for admission) that it is unaware of any communications between its
7  employees and Zurich about authority to bind coverage. (*See* Ellenberg Decl., Ex. D). As
8  noted above, however, defendants are entitled to explore SRHP's responses in deposition. In
9  any event, Zurich's noticed topics also appear to cover SRHP's communications with entities
10 other than Zurich. (*See* Jones Decl., Ex. B).

11 Accordingly, the court finds that Zurich has not shown good cause for 84 hours for
12 plaintiff's deposition; however, it is persuaded that more than 21 hours will be reasonably
13 necessary for a fair examination of plaintiff's designee. In view of the complexity of issues
14 presented, the considerable amount in controversy, the key role of SRHP's testimony, and the
15 involvement of multiple parties with a need to depose SRHP, defendants (collectively) will be
16 allowed 40 hours to complete plaintiff's Fed.R.Civ.P. 30(b)(6) deposition.

17 IT IS SO ORDERED.

18 Dated: March 28, 2006

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:05-cv-198 Notice will be electronically mailed to**:

Steven A. Ellenberg sellenberg@rubyschofield.com

Alan Michael Jones ajones@jonesturner.com, jgallagher@jonesturner.com

Allen Ruby aruby@rubyschofield.com

Glen W. Schofield gschofield@rubyschofield.com, bug@rubyschofield.com

Gary R. Selvin gselvin@selvinwraith.com,

Steven Donald Turner sturner@jonesturner.com, htornay@jonesturner.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.