*E-FILED ON 2/23/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, L.P., | No. C05-00198 JW (HRL) |
| Plaintiff,<br>v. | **ORDER DENYING IN PART ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO EXCLUDE EXPERT DISCLOSURES** |
| ZURICH AMERICAN INSURANCE COMPANY, GALLAGHER-PIPINO, INC. and ARTHUR J. GALLAGHER & CO., | [Re: Docket No. 221] |
| Defendants. | |

Defendant Zurich American Insurance Company ("Zurich") moves to exclude the January 30, 2007 report of plaintiffs' expert, Paul Hamilton. Plaintiff Santana Row Hotel Partners, L.P. ("SRHP") opposed the motion. This court held an expedited hearing on February 20, 2007. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, this court denies the motion in part.

**I. BACKGROUND**

This is a diversity action for alleged breach of contract and fraud. SRHP is the owner and operator of the Hotel Valencia located at Santana Row. It claims that it is an insured under a builder's risk insurance policy issued by Zurich and that the policy covers losses it sustained in a fire at Santana Row on August 19, 2002. Zurich denies that it agreed to insure plaintiff under the policy or that it authorized others to bind coverage on plaintiff's behalf.

1  Pursuant to the District Court's Scheduling Order, expert disclosures were to have been
2  made by November 22, 2006. (Rebuttal expert disclosures, if any, were due by December 29,
3  2006.) SRHP disclosed its "bad faith" expert, Paul Hamilton, and timely served his expert
4  report. However, on January 30, 2007 – the eve of the date set for Hamilton's deposition, and
5  69 days after the report deadline – SRHP served a second report from Hamilton which, SRHP
6  acknowledges, contains new opinions that were not previously disclosed. Zurich now moves
7  for an order, pursuant to Fed.R.Civ.P. 37(c)(1), precluding plaintiff from using Hamilton's
8  January 30, 2007 report because it was untimely.

## II.  LEGAL STANDARD

10  There is some question over the proper standard to be applied in resolving the instant
11  motion. Zurich suggests that the court's inquiry is limited to determining whether there was
12  good cause for the delayed disclosure. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d
13  604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing
14  the modification [of a scheduling order] might supply additional reasons to deny a motion, the
15  focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that
16  party was not diligent, the inquiry should end."). However, SRHP argues that the court must
17  also consider other factors, including whether Zurich has been prejudiced and whether other,
18  less drastic sanctions are available.

19  Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part that "[a]
20  party that without substantial justification fails to disclose information required by Rule 26(a) . .
21  . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on
22  a motion any witness or information not so disclosed." FED.R.CIV.P. 37(c)(1). "In addition to
23  or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard,
24  may impose other appropriate sanctions," including (1) the payment of reasonable expenses and
25  attorney's fees; (2) any of the sanctions authorized by Fed.R.Civ.P. 37(b)(2)(A), (B), and (C);
26  and (3) informing the jury of the failure to make the disclosure. *Id.*

27  Sanctions under Fed. R. Civ. P. 37(c)(1) have been described as "self-executing" and
28  "automatic." *See* Advisory Committee Notes to Fed.R.Civ.P. 37 (1993 Amendments) (stating

1 that the rule "provides a self-executing sanction for failure to make a disclosure required by
2 Rule 26(a) . . . ."); *see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106
3 (9th Cir. 2001) (acknowledging that the sanction under Fed.R.Civ.P. 37(c)(1) is "self-
4 executing" and "automatic"). Nevertheless, the text of the rule itself indicates that some
5 consideration must also be given to the harm (if any) caused by the alleged failure. *See*
6 FED.R.CIV.P. 37(c)(1); *see also* Advisory Committee Notes to Fed.R.Civ.P. 37 (1993
7 Amendments) ("Limiting the automatic sanction to violations 'without substantial justification'
8 coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh
9 penalties in a variety of situations . . . ."). The burden is on the party facing sanctions to prove
10 harmlessness. *Yeti By Molly, Ltd.*, 259 F.3d at 1107.

11 Moreover, SRHP has cited authority indicating that, before sanctions are imposed, the
12 court should apply a five-factor test: (1) the public's interest in expeditious resolution of
13 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;
14 (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less
15 drastic sanctions. *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (citing *Wanderer
16 v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990)).

## III. DISCUSSION

18 Preliminarily, this court notes that the instant motion presents a purely procedural issue
19 – that is, whether Hamilton's second report should be excluded as untimely. In resolving this
20 dispute, this court expresses no opinion as to Hamilton's qualifications or the substance of the
21 opinions and testimony he seeks to offer. (Reportedly, questions concerning experts'
22 qualifications and testimony will be the subject of motions to be heard by the District Court in
23 April.)

24 Hamilton's second report is untimely, and SRHP has failed to show good cause for the
25 belated disclosure. It contends that Hamilton's disclosures are consistent with Fed. R. Civ. P.
26 26(a) and the District Court's Scheduling Order. That is, it asserts that Hamilton's first report,
27 which was timely served, is complete as to the opinions it presents and therefore complies with
28 Fed. R. Civ. P. 26(a). However, Fed. R. Civ. P. 26 requires an expert's disclosure to "contain a

3

1  complete statement of all opinions to be expressed and the basis and reasons therefor . . ."
2  FED.R.CIV.P. 26(a)(2). SRHP does not contend that Hamilton's second report is a
3  supplementation pursuant to Fed. R. Civ. P. 26(e). Quite the contrary, it acknowledges that
4  Hamilton's second report presents entirely new opinions and that a substantial portion of the
5  materials upon which those new opinions are based were available to Hamilton at the time he
6  prepared his first report.

7  Moreover, this court is unpersuaded that Hamilton's new report is authorized by the
8  District Court's Scheduling Order. Here, SRHP points out that paragraph 9 of that order states:

> Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material on which expert opinion may be based and all tests and reports are completed prior to expert deposition.

13  (Ellenberg Decl., Ex. A (Scheduling Order, ¶ 9)). According to SRHP, this provision indicates
14  that the expert's deposition date – and not the court-ordered disclosure deadline – is the actual
15  deadline for any expert disclosure. In essence, SRHP argues that a party is authorized to make
16  new expert disclosures whenever it wants, so long as the disclosure is made before the expert's
17  deposition – including, as apparently was the case here, disclosure of new opinions less than
18  twenty-four hours before the deposition is to take place. SRHP further contends that, under this
19  scheme, an expert's deposition may be postponed for as long as necessary to allow the opposing
20  party to review any new disclosures. It argues that Zurich could have chosen to proceed with
21  Hamilton's deposition on January 31, 2007 deposition as noticed (thereby cutting off
22  Hamilton's ability to provide any new reports after that date), but instead chose to postpone the
23  deposition in light of his new report.

24  However, this court does not agree that the Scheduling Order was intended to provide an
25  indefinite window of opportunity for an expert to disclose his opinions and the bases for them.
26  Such a reading would reduce the court-ordered disclosure deadlines to trivialities and
27  undermine both the court's ability to effectively manage its docket and the public's interest in
28  efficient and expeditious resolution of cases. Further, as was the situation here, SRHP's

4

1  interpretation of the Scheduling Order would place the opposing party in the untenable position
2  of having to either (a) postpone an expert's noticed deposition (and worry that yet another
3  report might show up before it's finally taken) or (b) proceed with the deposition with minimal
4  time to digest the expert's new opinions.  This court does not believe that the Scheduling Order
5  intended or contemplated such a result.

6  Nor has SRHP convincingly demonstrated that Hamilton's eye condition was the true
7  reason for the delay.  The District Court previously granted an extension of the expert
8  disclosure deadline which was, at one point, set for September 15, 2006.  SRHP acknowledges
9  that Hamilton's eye condition was a factor in securing that earlier extension.  Additionally, at
10  oral argument, plaintiff's counsel confirmed that Hamilton (a) was aware of the court-ordered
11  deadlines and (b) did not indicate that he needed more time to review materials at the time he
12  completed his first report.

13  This court cannot condone the apparent casual disregard of the court-ordered expert
14  disclosure deadlines.  Indeed, "[a] scheduling order 'is not a frivolous piece of paper, idly
15  entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson*, 975 F.2d at
16  610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).  At the
17  same time, however, it appears that not even plaintiff's counsel was expecting Hamilton's
18  second report.  Indeed, the record presented indicates that Hamilton simply walked into
19  plaintiff's counsel's office on January 29, 2007 and surprised him with the new report.  (*See*
20  Jones Decl., ¶ 8).

21  Moreover, this court finds that Zurich will not be seriously prejudiced by the delayed
22  disclosure – or that any harm to Zurich is curable.  The discovery cutoff was and remains
23  February 23, 2007.  However, SRHP agrees to produce Hamilton for deposition even after the
24  discovery cutoff in order to provide Zurich more time to review his new report.  Based upon
25  defense counsel's answers to the court's questions at the hearing, it is apparent that Zurich is
26  not seriously contemplating the preparation of report(s) to rebut Hamilton's January 30, 2007
27  disclosure; and, SRHP argues that there is ample time under the current scheduling order to
28  accommodate a post-cutoff deposition of Hamilton.  No trial date has been set, and the District

5

1  Court has recently extended the deadline for hearing dispositive motions and continued the
2  preliminary pretrial conference to September 2007.  The parties do not expect that the instant
3  action will be set for trial until Fall 2007, at the earliest.

4  At oral argument, Zurich argued that it has been prejudiced because its experts complied
5  with the court-ordered disclosure deadlines (and stopped their work by those dates), whereas
6  Hamilton took over two additional months to complete his work.  In other words, according to
7  Zurich, the real inequity would be to allow plaintiff to flout court-ordered disclosure deadlines
8  with impunity.  While Zurich's irritation is certainly understandable, its counsel was not able to
9  articulate to the court's satisfaction any showing that the quality or completeness of defendant's
10 experts' reports would have been better if they had had more time to do them.  However, the
11 court does conclude that Zurich has been harmed to the extent that it has been required to
12 devote time and resources to litigating the instant motion.  Moreover, its counsel, having
13 already prepared once for Hamilton's deposition, will have to re-prepare for his deposition a
14 second time (although, as noted at the motion hearing, this court does not believe that time
15 spent preparing for Hamilton's deposition with respect to his new report will be time wasted).

16 Although it is a close question, this court concludes that, under the unique circumstances
17 presented here, the sanction of exclusion is not warranted.  Nevertheless, it will order plaintiff
18 to pay monetary sanctions for the unnecessary expenses caused by the failure to timely provide
19 Hamilton's complete disclosures.

## IV.  ORDER

21 Based on the foregoing, IT IS ORDERED THAT Zurich's motion to exclude
22 Hamilton's new report is DENIED.  However, Zurich is invited to file detailed declaration(s)
23 (a) itemizing with particularity the otherwise unnecessary expenses (including attorney fees)
24 incurred in connection with the instant motion which were directly caused by Hamilton's
25 belated disclosure; and (b) setting forth an appropriate justification for any attorney-fee hourly
26 rate claimed.  Zurich's declaration(s) shall be filed within three court days after Hamilton's
27 deposition is completed.  Plaintiff may file a response, with any such response to be filed within
28 three court days after Zurich's declaration(s) are filed.  Unless this court orders otherwise, the

6

1   declaration(s) and responsive papers will be taken under submission without further oral
2   argument.
3   Dated:     February 23, 2007

    HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

1 **5:05-cv-198 Notice will be electronically mailed to**:

2 Steven A. Ellenberg sellenberg@rubyschofield.com, mjones@rubyschofield.com

3 Alan Michael Jones ajones@jonesturner.com, jgallagher@jonesturner.com

4 Allen Ruby aruby@rubyschofield.com

5 Glen W. Schofield gschofield@rubyschofield.com, bug@rubyschofield.com

6 Gary R. Selvin gselvin@selvinwraith.com, kshahin@selvinwraith.com

7 Steven Donald Turner sturner@jonesturner.com, htornay@jonesturner.com

8 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.