IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Santana Row Hotel Partners, LP, | NO. C 05-00198 JW |
| Plaintiff, | **ORDER DENYING MOTION TO COMPEL ARBITRATION** |
| v. | |
| Zurich America Insurance Company, et al., | |
| Defendants. | |

## I. INTRODUCTION

Santana Row Hotel Partners, L.P. ("Plaintiff") brings this suit against Defendants Zurich American Insurance Company ("Zurich"), Gallagher-Pipino, Inc. and Arthur J. Gallagher & Co. (collectively "Gallagher"), alleging breach of contract, fraud, and related claims. Plaintiff alleges that Zurich failed to pay losses resulting from a fire which were covered by an insurance policy. Before the Court is Gallagher's Motion to Compel Arbitration, which relates to certain cross-claims brought by Zurich against Gallagher. The Court conducted a hearing on March 5, 2007. Based on the papers submitted to date, and the arguments of counsel at the hearing, the Court DENIES Gallagher's Motion to Compel Arbitration.

## II. BACKGROUND

Defendant Zurich alleges as follows:

In May 2000, Zurich issued a builders risk insurance policy ("Policy") to Federal Realty Investment Trust ("FRIT"), covering certain losses associated with FRIT's

construction and development of a retail and residential community in San Jose known as Santana Row. (Defendant Zurich's Amended Cross-Claim ¶¶ 15, 17, hereafter, "Cross-Claim," Docket Item No. 107.) At the time Zurich issued the Policy, Plaintiff was leasing from FRIT the upper floors of a Santana Row building to build and operate a hotel. (Cross-Claim ¶ 15.)

On August 19, 2002 there was a fire at the Santana Row development which caused massive damage and significant delays in the hotel's scheduled opening. (Id. ¶ 20.) On August 29, 2002, ten days after the fire, and January 8, 2003, Gallagher issued two Certificates of Insurance which Plaintiff alleges are evidence that it was insured at the time of the fire. (Id. ¶¶ 28-33.) In the fall of 2003, an officer of Arthur J. Gallagher & Co., represented to Zurich that Gallagher had communicated to FRIT that they had bound coverage for SRHP's interest in the hotel building. (Id. ¶ 34.) Through these and other communications, Gallagher represented that Plaintiff was covered under the Policy for its fire-related losses. (Id. ¶ 48.) On the basis of these representations, Zurich measured SHRP's losses, made payments to SHRP that were not owed, and was exposed to potential liability for SHRP's fire-related losses. (Id. ¶ 54.)

Zurich filed its Amended Cross-Claim on August 11, 2006, alleging five causes of action: 1) breach of contract, 2) contractual indemnity, 3) equitable contribution, 4) negligent misrepresentation, and 5) fraud. Before the Court is Gallagher's Motion to Compel Arbitration. (hereafter, "Motion," Docket Item No. 167.) Gallagher asks the Court to compel arbitration of Zurich's Cross-Claims and stay their litigation pending the outcome of arbitration.

### III.  STANDARDS

"A party to a valid arbitration agreement may 'petition any United States district court for an order directing that such arbitration proceed in the manner provided for in such agreement.'" Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (quoting 9 U.S.C. § 4). The district court must only determine whether an arbitration agreement exists and

2

whether it encompasses the dispute at issue. See id. at 1012; see also Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 ( 1983). Thus, arbitration should only be denied where "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Technologies, Inc. v. Communication Workers, 475 U.S. 643, 650 (1986) (quoting United Steelworkers v. Warrior Gulf Navigation Corp., 363 U.S. 574, 582-83 (1960)).

## IV.  DISCUSSION

The parties do not dispute that they have an Arbitration Agreement[1] that encompasses Zurich's cross-claim. Instead, Zurich contends that the Arbitration Agreement was the product of fraudulent inducement on the part of Gallagher, and is therefore unenforceable. There are two issues for consideration: (1) the threshold issue of whether the fraudulent inducement claim should be decided by the arbitrator or the Court, and (2) Gallagher's contention that Zurich has not properly alleged fraudulent inducement in its cross-claim. (Motion at 4-5.) The Court considers these issues in turn.

**A.     The Claim of Fraudulent Inducement is Properly Before the Court**

The parties dispute whether the fraudulent inducement claim is properly before the Court.

The Supreme Court has distinguished claims that an entire contract was fraudulently induced from claims that the arbitration provision in an otherwise valid contract was fraudulently induced. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S. Ct. 1204, 1209 (2006); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967). The district court faced with a fraudulent inducement claim that runs to the entire contract must refer that claim to the arbitrator. Buckeye Check Cashing, 126 S. Ct. at 1209. On the other hand, a district court faced with a claim that only

---

[1] (Declaration of Curtis R. Ogilvie in Support of Petition to Compel Arbitration, Ex. A, hereafter, "Arbitration Agreement," Docket Item No. 168.)

3

1 the arbitration provision was fraudulently induced must consider such a claim before compelling
2 arbitration. Id.; Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1268-69 (9th Cir. 2006).

3 Both Buckeye Check Cashing and Prima Paint involved an arbitration clause in a broader
4 contract. By contrast, the Arbitration Agreement between Zurich and Gallagher is precisely what its
5 title indicates: an agreement to arbitrate. It contains no broader contractual duties other than to
6 arbitrate covered disputes in the agreed-upon manner.[2] Therefore, it does not present the
7 severability issue confronted in the cases. The fraud claim runs solely to an agreement to arbitrate.
8 Accordingly, the claim must be considered by the Court as a prerequisite to its enforcement. 9
9 U.S.C. § 2.

**B.     Sufficiency of Cross-Claim Allegations**

11 Gallagher contends that the fraudulent inducement claim may not be considered because
12 Zurich has not properly alleged it in its cross-claim. (Motion at 4-5.)

13 The Federal Rules provide, "In all averments of fraud or mistake, the circumstance
14 constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other
15 conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The heightened
16 pleading requirement applies to claims for which fraud is an essential element and to claims in
17 which the plaintiff relies on the fraudulent conduct as the basis for the claim. Vess v. Ciba-Geigy
18 Corp. USA, 317 F. 3d 1097, 1103 (9th Cir. 2003).

19 Zurich points to five paragraphs in its Cross-Claim which purportedly allege fraudulent
20 inducement of the Arbitration Agreement. (Opposition to Motion to Compel Arbitration at 5,

---

[2] The Arbitration Agreement provides:

> The purpose of this Agreement is to (1) establish a binding agreement to arbitrate certain disputes between Gallagher and Zurich; (2) outline the scope and procedures of such arbitration; and (3) set forth the duties and obligations of each party with respect to such arbitration.

(Arbitration Agreement at 1.) Gallagher itself agrees that the Arbitration Agreement is "an entirely separate and distinct contract" from any other agreements between the parties. (Motion at 5.)

4

Docket Item No. 194.)  The substance of these allegations is that Thomas Gallagher made false representations to Zurich which caused it to measure SRHP's losses from the fire, make a non-policy payment to SRHP, and to "otherwise act to its detriment."  (Cross-Claim ¶¶ 34, 46-49.)[3]  The Court finds these allegations, which do not even mention the Arbitration Agreement, wholly deficient to state a claim that Zurich was fraudulently induced into entering it.[4]

Zurich's representations to the Court, however, indicate that it could plead facts which would support its claim that it was fraudulently induced into entering the Arbitration Agreement. (Opposition at 5.)  Accordingly, the Court grants Zurich leave to amend its Cross-Claim.

---

[3] The cited allegations in their entirety are as follows:

34. In or about the fall of 2003, AJG's officer, Thomas Gallagher, orally represented to Zurich that Gallagher-Pipino and/or AJG had communicated to FRIT that they had bound coverage for SRHP's interest in Building 5 of the Santana Row project prior to the

August 19, 2002 fire.
...

46. Zurich realleges and incorporates by reference each and every allegation of paragraphs 1 through 34 above as though fully stated herein. Zurich pleads this cause of action as an alternative pleading under Rule 8(e)(2) of the Federal Rules of Civil Procedure.

47. On March 18, 2003, Gallagher-Pipino's Sam Pipino wrote and delivered a letter to Zurich's Daniel Sock claiming that Gallagher-Pipino had bound coverage for SRHP under the Policy on July 15, 2001.

48. Through various communications, including, but not limited to, the "Evidence of Property Insurance" forms dated August 29, 2002 and January 8, 2003 and Sam Pipino's March 18, 2003 letter, Gallagher-Pipino and AJG represented to Zurich that SRHP was an insured under the Policy at the time of the August 19, 2002 fire and entitled to benefits under the Policy for its fire-related losses. Said representations were not true and Gallagher-Pipino and AJG had no reasonable grounds for believing said representations were true at the time they were made.

49. In reasonable reliance upon Gallagher-Pipino and AJG's misrepresentations regarding SRHP's status as an insured under the Policy, Zurich was induced to measure SRHP's alleged losses, to make payments to SRHP that were not owed under the Policy and to otherwise act to its detriment. Had Gallagher-Pipino and AJG not made these representations, Zurich would not have taken such actions.

[4] Zurich also points to a paragraph in its Answer to Second Amended Complaint.  While this paragraph does mention the Arbitration Agreement, it does not directly allege that it was fraudulently induced.  (See Answer to Second Amended Complaint ¶ 36, Docket Item No. 107.)

5

## V.  CONCLUSION

The Court DENIES Gallagher's Motion to Compel Arbitration without prejudice to being renewed upon the filing Zurich's amended cross-claim.  Zurich shall file an Amended Cross-Claim to cure the deficiencies with respect to its fraud claim within thirty (30) days of this Order.

Dated:  March 20, 2007

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Michael Jones ajones@jonesturner.com
Allen Ruby aruby@rubyschofield.com
Gary R. Selvin gselvin@selvinwraith.com
Glen W. Schofield gschofield@rubyschofield.com
Steven A. Ellenberg sellenberg@rubyschofield.com
Steven Donald Turner sturner@jonesturner.com

Dated: March 20, 2007                    Richard W. Wieking, Clerk

By:   /s/ JW Chambers
        **Elizabeth Garcia**
        **Courtroom Deputy**

**United States District Court**
For the Northern District of California