*E-FILED: 3/27/2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, L.P., <br><br> Plaintiff, <br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, GALLAGHER-PIPINO, INC. and ARTHUR J. GALLAGHER & CO., <br><br> Defendants. | No. C05-00198 JW (HRL) <br><br> **ORDER DENYING ZURICH AMERICAN INSURANCE COMPANY'S "MOTION TO EXCLUDE UNTIMELY AND IMPROPER FEBRUARY 12, 2007 EXPERT DISCLOSURES FROM SRHP'S EXPERT MATT BECICA"** <br><br> **[Re: Docket No. 247]** |

Defendant Zurich American Insurance Company ("Zurich") moves to "exclude" certain documents which, it claims, comprise untimely and improper "disclosures" from one of plaintiff's testifying experts, Mathias Becica. Plaintiff Santana Row Hotel Partners, L.P. ("SRHP" or "plaintiff") opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the March 27, 2007 hearing, this court denies the motion.

This is a diversity action for alleged breach of contract and fraud. SRHP is the owner and operator of the Hotel Valencia located at Santana Row. It claims that it is an insured under a builder's risk insurance policy issued by Zurich and that the policy covers losses it sustained in a fire at Santana Row on August 19, 2002. SRHP's claimed damages include alleged losses stemming from delays in completion of the Hotel's construction.

1  Both SRHP and Zurich have retained experts to testify about any delay in the Hotel's
2  completion that allegedly was caused by the August 2002 fire. Zurich retained William
3  Kriedler; SRHP retained Mathias Becica. Pursuant to the District Court's Scheduling Order,
4  expert disclosures were due by November 22, 2006. Any rebuttal expert disclosures were due
5  by December 29, 2006. There is no dispute that SRHP and Zurich timely disclosed their
6  respective experts and produced their reports. Neither SRHP nor Zurich disclosed any rebuttal
7  experts.

8  After he submitted his report, and at the request of SRHP's counsel, Becica reviewed
9  Kriedler's November 22, 2006 report. (*See* Ellenberg Decl., ¶ 5; *see also* Becica Decl., ¶ 3). At
10 issue in the instant motion are certain documents (e.g., charts, graphs, spreadsheets and the like)
11 that (a) Becica's staff prepared and Becica personally examined in conjunction with his review
12 of Kriedler's report (*see* Jones Decl., Ex. A) and (b) which were produced by SRHP to Zurich
13 in response to Zurich's subpoena for Becica's deposition and documents.

14 Zurich takes the position that the documents in question must be excluded under Fed. R.
15 Civ. P. 37(c)(1) as untimely "expert disclosures" because (a) they were not presented as a
16 correction of or supplementation to Becica's November 22, 2006 opinions; (b) they are based
17 on source documents which were available before that expert disclosure deadline; and (c) even
18 assuming the documents were intended to be a rebuttal to Kriedler's report, they were provided
19 well after the December 29, 2006 deadline for such disclosures. Zurich claims that it has been
20 prejudiced because the documents at issue were not produced until February 12, 2007 – that is,
21 82 days after the November 22, 2006 disclosure deadline, 45 days after the rebuttal expert
22 disclosure deadline, and the eve of the date set for Becica's deposition.

23 However, based on the record presented, this court is unpersuaded that the instant
24 motion presents a disclosure issue at all. It is undisputed that Becica's opinions were timely
25 disclosed by the court-ordered November 22, 2006 deadline; and, Becica says that nothing in
26 his review of the documents at issue caused him to change or modify his opinions disclosed on
27 that date. (*See* Becica Decl., ¶ 8). Moreover, the notion of "excluding" the documents as
28 "untimely" seems inappropriate since they indisputably do not comprise – and do not purport to

2

be – new, supplemental or rebuttal expert opinions. Indeed, the stated purpose of Becica's review of Kriedler's report was to (1) assist SRHP's counsel in understanding the defense experts' positions; (2) help SRHP's counsel to prepare for the depositions of defendants' experts; and (3) determine whether the defense experts' opinions would cause Becica to change or modify the opinions he disclosed on November 22, 2006. (*See* Ellenberg Decl., ¶ 5; *see also* Becica Decl., ¶ 4). There was nothing improper about SRHP's request for Becica's review of the defense expert reports. In fact, Zurich had its expert, Kriedler, do the same with respect to Becica's report. (*See* Ellenberg Decl., Ex. D). In sum, there has been no untimely "expert disclosure" warranting sanctions.

Nor does this court find any basis to sanction SRHP or Becica in responding to Zurich's subpoena. Here, the record shows that shortly after the November 22, 2006 disclosure deadline, Zurich served a subpoena for Becica's deposition as well as the production of documents. (*See* Ellenberg Decl., Ex. A). Although SRHP objected to the scope of Zurich's document requests (*see id.*, Ex. B), it eventually agreed to produce all documents that Becica reviewed, relied upon, considered, saw or generated. (*See* Ellenberg Decl., ¶ 8). SRHP's counsel attests that he did not know that the documents at issue existed until the afternoon of February 12, 2007 when, during Becica's deposition preparation session, Becica advised that he had reviewed those documents the week before. (*See* Ellenberg Decl., ¶ 11; *see also* Becica Decl., ¶ 7). SRHP's counsel says that within a few hours, the documents were copied and hand-delivered to Zurich's counsel. (*See* Ellenberg Decl., ¶ 11).

Insofar as Zurich seeks an order now which precludes certain testimony by Becica, its motion is premature. Zurich maintains that Becica should not be permitted to testify about Kriedler's report. It apparently is not so much concerned that Becica will state that he reviewed Kriedler's report, or even that Becica will say that Kriedler's report did not change his opinions. Rather, Zurich's worry is that Becica will venture to explain *why* Kriedler's report did not change his views. Here, Zurich contends that Kriedler's report was more comprehensive and addressed several items which Becica's report did not. It further argues that permitting Becica to explain why Kriedler's report did not change his views would be tantamount to allowing

3

Becica to provide an untimely rebuttal opinion. Zurich is also concerned that in the course of opining about Kriedler's report, Becica might sneak in some "new" opinions of his own.

Based on the record presented, this court is not in a position to find that the documents at issue comprise a *de facto* rebuttal report. Neither Zurich nor SRHP have disclosed any rebuttal experts, and the time for expert rebuttal disclosures has passed. Nothing about SRHP's production of the documents at issue indicates that the documents were intended to be an expert opinion or report at all. Instead, they were produced only because Zurich subpoenaed them. Moreover, Becica has not yet been deposed. As for concerns about what he might say, much of Becica's deposition testimony will be controlled by the questions Zurich's counsel will ask. In this court's experience, it is not unusual for an expert to be asked at deposition (or even at trial) about another expert's conclusions. But, in any event, the question of what the experts may testify about – including the question of whether an opinion offered in deposition was part of Becica's November 22, 2006 opinion (or slipped in later) – and the admissibility of such testimony is for the District Court, and not this court, to decide (and certainly not in advance of Becica's deposition).

Based on the foregoing, IT IS ORDERED THAT Zurich's motion to exclude Becica's documents is DENIED.

Dated: March 27, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:05-cv-198 Notice will be electronically mailed to**:

Steven A. Ellenberg sellenberg@rubyschofield.com, mjones@rubyschofield.com

Alan Michael Jones ajones@jonesturner.com, jgallagher@jonesturner.com

Allen Ruby aruby@rubyschofield.com

Glen W. Schofield gschofield@rubyschofield.com, bug@rubyschofield.com

Gary R. Selvin gselvin@selvinwraith.com, kshahin@selvinwraith.com

Steven Donald Turner sturner@jonesturner.com, htornay@jonesturner.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.