**\*E-FILED: 4/17/2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, L.P., | No. C05-00198 JW (HRL) |
| Plaintiff, | **ORDER GRANTING GALLAGHER DEFENDANTS' MOTION TO WITHDRAW ADMISSIONS** |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, GALLAGHER-PIPINO, INC. and ARTHUR J. GALLAGHER & CO., | [Re: Docket No. 202] |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 36(b), defendants Gallagher-Pipino, Inc. ("GP") and Arthur J. Gallagher & Co. ("AJG") (collectively, "Gallagher Defendants") move for an order permitting them to withdraw admissions. Plaintiff Santana Row Hotel Partners ("SRHP") opposes the motion. The motion subsequently was referred as a discovery matter to the undersigned for disposition; and, it was heard by this court on March 27, 2007. After the motion hearing, and at this court's direction, the Gallagher Defendants submitted their amended responses to the requests for admission for the court's review. Having considered the papers

filed by the parties,[1] as well as the arguments of counsel, this court grants the motion. However, as discussed more fully below, the court will award monetary sanctions to SRHP.

## I. BACKGROUND

This is an insurance action for alleged breach of contract and fraud. SRHP is the owner and operator of the Hotel Valencia located at Santana Row. Santana Row was developed by Federal Realty Investment Trust ("FRIT"). Defendant Zurich is an insurance carrier that issued a builder's risk insurance policy ("Policy") to FRIT related to the construction of the Santana Row development. Defendants GP and AJG are insurance brokers. AJG is GP's parent company.

SRHP claims that it is an insured under the Policy issued by Zurich and that the Policy covers losses it sustained in a fire at Santana Row on August 19, 2002. SRHP's claimed damages include alleged losses stemming from delays in completion of the Hotel's construction. It further alleges that the Gallagher Defendants represented to SRHP in person, through certificates of insurance and a letter (written by the Gallagher Defendants' current counsel) that SRHP was an insured under an insurance policy, including coverage for delays in completion of the Hotel's construction. Zurich denies that it agreed to insure plaintiff under the policy or that it authorized others to bind coverage on plaintiff's behalf. The Gallagher Defendants apparently take the position that they were not obliged to secure coverage for SRHP and that SRHP (a) was not an intended beneficiary of the Zurich policy and (b) never received any representations that it was covered by that policy.

The instant motion concerns two sets of requests for admission (RFAs) served by SRHP on the Gallagher Defendants: (1) SRHP's first set of RFAs to GP served on July 13, 2005 and (2) SRHP's first set of RFAs to AJG served one year later, on July 14, 2006. Under Fed. R. Civ. P. 36, defendants' respective responses to the RFAs were due within thirty days of service.

---

[1] The Gallagher Defendants have filed evidentiary objections to several exhibits submitted by SRHP, as well as to a reference in SRHP's opposition papers to the Declaration of Doyle Graham. In essence, the objections concern the admissibility of the exhibits and referenced declaration as proof on ultimate issues of liability. Since this court is not ruling upon the merits of the parties' claims and defenses, it has considered the challenged papers only as background information.

2

*See* FED.R.CIV.P. 36(a). However, SRHP agreed that defendants could have an extension of time to respond. With respect to the RFAs served on GP, it was agreed that defendant would serve its responses before September 19, 2005, when the depositions of certain Gallagher witnesses were to start. As for the RFAs served on AJG, SRHP agreed that AJG could have until September 5, 2006 to serve its responses.

However, no responses were served by the agreed-upon deadlines. Under Fed. R. Civ. P. 36(a), the Gallagher Defendants' failure to timely respond to the RFAs resulted in automatic admission of the matters requested. In fact, the Gallagher Defendants' responses were not served until January 26, 2007 – that is, nearly a year and a half after GP's responses were to have been served, over four months after AJG's responses were due, and over one month after they filed a motion for summary judgment (which currently is pending before the District Court). On that same day, the Gallagher Defendants also filed the instant motion pursuant to Fed. R. Civ. P. 36(b), seeking an order permitting them to withdraw the deemed admissions.

## II. LEGAL STANDARD

When a party fails to timely respond to requests for admission, the matters requested are automatically deemed admitted. *See* FED.R.CIV.P. 36(a) ("The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." FED.R.CIV.P. 36(b).

Withdrawal or amendment of the admissions may be permitted where (1) the presentation of the merits of the action will be furthered by the withdrawal; and (2) withdrawal will not prejudice the party who obtained the admission in maintaining the action or defense on the merits. FED.R.CIV.P. 36(b). "[A] district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Nevertheless, "Rule 36(b) is permissive, not

3

mandatory, with respect to the withdrawal of admissions." *Id*. at 621.  Thus, a district court is not required to grant relief even when the two-pronged test is satisfied. *Id*. at 624.

### III. DISCUSSION

#### A. Presentation of the Merits

"'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Conlon*, 474 F.3d at 622 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  Here, withdrawal of the deemed admissions as to several RFAs will not impact the presentation of the merits one way or another.  Indeed, in its belated RFA responses, GP has answered the following RFAs with unqualified admissions: RFA Nos. 1-3, 6, 9, 12 and 14.  (*See* Selvin Decl., Ex. C; *see also* GP Amended Responses to Requests for Admission).  GP has also essentially admitted the matters in RFA Nos. 7 and 10 (i.e., admitting that it issued specified documents).  Additionally, although AJG initially asserted a number of objections to RFA No.1, it admits that the referenced document is genuine.  (*See id.*, Ex. D; *see also* AJG Amended Responses to Requests for Admission).

Nonetheless, many of the admissions pertain to core issues in this litigation and bear upon the Gallagher Defendants' alleged liability – e.g., the existence of SRHP's insurance coverage, the Gallagher Defendants' acknowledgment of coverage for completion delays, Gallagher's communications to Zurich about the claimed coverage, and Zurich's approval of the claimed coverage.  (*See, e.g.,* RFA Nos. 11, 13 and 15 to GP and RFA Nos. 2-10, 13-14 to AJG).  Accordingly, the first prong of the test under Fed. R. Civ. P. 36(b) is satisfied.

#### B. Prejudice to SRHP

SRHP has the burden of establishing that it will be prejudiced if the admissions are withdrawn.  *See Conlon*, 474 F.3d at 622 ("The party relying on the deemed admission has the burden of proving prejudice.").  "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" *Hadley*, 45 F.3d at 1348 (quoting *Brook Village North Associates v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).  "'Rather, it relates to the difficulty a party may face in proving its case,

4

*e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Id*. "Courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial." *Hadley*, 45 F.3d at 1348.

In the instant case, all discovery closed on February 23, 2007. SRHP says that the Gallagher Defendants' counsel previously indicated that the Gallagher Defendants were essentially in agreement with SRHP on the ultimate issue of liability. (*See* Ellenberg Decl., ¶ 3). SRHP contends that in reliance upon this representation (and the deemed admissions), its counsel refrained from questioning the Gallagher witnesses during deposition in a way that would "disrupt[] the admissions." (*See id.*, ¶ 4).

SRHP may have believed that the Gallagher Defendants' views on liability were consistent with its own, but its disappointed expectations do not amount to prejudice. Moreover, the Ninth Circuit has declined to conclude that "a lack of discovery, without more, constitutes prejudice." *Conlon*, 474 F.3d at 624. Here, SRHP has not identified what testimony or documents it needs (but failed to obtain) in reliance on the Gallagher Defendants' admissions. The record presented indicates that SRHP proceeded with all of the depositions it believed were necessary. SRHP suggests that it was somehow deprived of a meaningful opportunity to depose witnesses because it relied on the Gallagher Defendants' deemed admissions. However, at the motion hearing, SRHP's counsel explained that some witnesses did not have good recollection, and he merely refrained from questioning them in a way that would refresh their recollection. Additionally, SRHP's counsel indicated that he did vigorously examine one particular witness whose testimony appeared to be contrary to the documentary evidence. Further, at oral argument, SRHP's counsel acknowledged that even while SRHP deemed the RFAs admitted, it proceeded with discovery knowing that it was possible that the court might allow those admissions to be withdrawn. While SRHP has cited to the Gallagher Defendants' deemed admissions in its opposition to defendants' summary judgment motions, SRHP acknowledges that the admissions are not critical to its opposition.

5

SRHP further asserts that RFA Nos. 1-7 to AJG were designed to avoid calling the Gallagher Defendants' counsel, Gary Selvin, as a witness at trial (and, relatedly, to avoid the possibility that the Gallagher Defendants would have to retain new trial counsel and further delay this litigation). That may be, but it does not establish that SRHP has been prejudiced in any way in terms of obtaining evidence necessary to present its case.

Moreover, no trial date has been set in this matter, and the parties' papers indicate that no such date is likely to be set until the Fall. SRHP argues that it has been prejudiced by the Gallagher Defendants' long delay in seeking relief from the deemed admissions. Here, it points out that in *Conlon*, the Ninth Circuit upheld a finding of prejudice – even though the motion to withdraw was filed before trial – where the moving party delayed for several months in seeking relief from the deemed admissions. However, in *Conlon*, the Ninth Circuit observed that at the time the district court issued its order denying the motion for withdrawal, only eight days remained until trial. Even then, the Ninth Circuit stated that it was "a close question" as to whether the government would have been prejudiced. *See Conlon*, 474 F.3d at 624. Here, by contrast, the parties do not expect a trial date to be set for at least another six or seven months.

Accordingly, this court concludes that the second prong of the Fed. R. Civ. P. 36(b) test is also satisfied.

SRHP nonetheless urges this court to exercise its discretion to deny the Gallagher Defendants' motion for withdrawal in view of the undue delay in the service of their RFA responses. Indeed, this court is not bound to grant the requested relief even where both prongs of the Fed. R. Civ. P. 36(b) test are satisfied. As the Ninth Circuit recently stated:

> [I]n deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits.

*Conlon*, 474 F.3d at 625. In this case, defense counsel acknowledges that he was negligent in failing to timely respond to the RFAs at issue. He suggests that the failure to timely serve his clients' responses was due to his scheduled vacations and trial in another matter. However, the record indicates that defense counsel obtained an extension of time from SRHP to accommodate

6

his vacation and trial schedules, and then simply forgot to attend to the responses when he returned. (*See* Selvin Decl., ¶¶ 7 and 10). Moreover, although defense counsel suggests that AJG's responses were ready to be served sometime in September 2006 (*see* Selvin Decl., ¶ 10), the responses which were actually served (a) are dated January 26, 2007, (b) are signed by a different attorney and (c) indicate that a verification[2] was "to follow." (*See* Selvin Decl., Ex. D; *see also* Selvin Decl., Ex. C).

Although defense counsel suggests that his negligence was "excusable," the record presented shows that he was careless and that his negligence was unjustified. It is not for this court to say whether the Gallagher Defendants have a strong case on the merits. And, under different circumstances, this court might well exercise its discretion to deny the motion to withdraw the deemed admissions. It is a close call. However, since the court finds that there has been no prejudice to SRHP, and since it appears that trial in this matter likely will not be set for several months, this court will grant the motion to withdraw.

Nevertheless, the Gallagher Defendants' counsel shall pay monetary sanctions for the unnecessary expenses caused by the failure to timely serve the RFA responses. *See Hadley*, 45 F.3d at 1350 (the court may impose less severe sanctions, including the payment of a substantial monetary fine or the opposing party's increased costs and expenses).

**C.    The Gallagher Defendants' RFA Responses**

As noted above, the Gallagher Defendants have served amended responses to the RFAs at issue. Those amended responses appear to eliminate many of the objections that were asserted in the Gallagher Defendants' January 26, 2007 responses. However, SRHP maintains that the responses to several RFAs are still deficient under Fed. R Civ. P. 36.

**1.    RFAs to GP**

RFA No. 8 to GP seeks an admission that "[t]he representations contained in the document entitled 'Evidence of Property Insurance' that is attached hereto as Exhibit 'A' are truthful." (*See* Selvin Decl., Ex. C at p. 4). Similarly, RFA No. 11 seeks an admission that

---

[2]    Fed. R. Civ. P. 36 does not require responses to be verified. However, the parties evidently have agreed to do so.

7

"[t]he representations contained in the document entitled 'Evidence of Property Insurance' that is attached hereto as Exhibit 'B' are truthful." (*See id*. at p. 5).  GP objected to both RFAs on the grounds that they are vague, ambiguous and compound.  (*See id*; *see also* GP Amended Responses to Requests for Admission).  Notwithstanding its objections, GP responded to both RFAs as follows:  "The Policy itself is the best evidence."  At oral argument, GP asserted that the RFAs mischaracterize the information in the referenced "Evidence of Property Insurance" ("EPI") documents as "representations," and do not, in any event, specify whose representations are the subject of inquiry.  GP further contends that the Policy itself provides that the EPI documents are evidence only of coverage as to FRIT.  SRHP appears to claim that whatever the Policy might say, the Gallagher Defendants represented to SRHP that it was covered as evidenced, in part, by the EPI documents.

The RFAs could have been more focused.  However, the court does not find them to be so vague or ambiguous that GP cannot fairly be made to respond.  Fed. R. Civ. P. 36 requires a responding party to either admit, deny, or explain in detail why it cannot truthfully admit or deny the matter.  FED.R.CIV.P. 36(a).  Moreover, "when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder."  *Id*.  Here, GP did not admit, deny or clearly explain why it could not do either.  GP shall serve a response to these RFAs that complies with Fed. R. Civ. P. 36.

**2.      RFAs to AJG**

With respect to RFA Nos. 11 and 12, SRHP seeks admissions that two "Evidence of Property Insurance" documents (which were attached to the requests) are genuine.  AJG responded that it could not answer because the referenced documents were issued by GP.  (*See* Selvin Decl., Ex. D; *see also* AJG Amended Responses to Requests for Admission).  Nevertheless, Fed. R. Civ. P. 36 provides that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."  FED.R.CIV.P. 36(a); *see also Asea,*

8

*Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1982). AJG made no such statement in its response and it is not apparent that AJG has, in fact, made a reasonable inquiry or whether information that is readily obtainable by AJG may be sufficient to enable it to answer the matter. Accordingly, AJG shall (a) conduct a reasonable inquiry; and (b) serve a response to these RFAs that complies with Fed. R. Civ. P. 36.

### IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Gallagher Defendants' motion to withdraw admissions is GRANTED.

2. However, SRHP will be permitted to file detailed declaration(s) (a) itemizing with particularity the otherwise unnecessary expenses (including attorney fees) incurred in connection with the instant motion which were directly caused by the Gallagher Defendants' belated responses; and (b) setting forth an appropriate justification for any attorney-fee hourly rate claimed. SRHP's declaration(s) shall be filed within ten court days after the date of this order. The Gallagher Defendants may file a response within five court days after SRHP's declaration(s) are filed. Unless it orders otherwise, the court will award expenses without further oral argument.

3. No later than ten days after the date of this order, the Gallagher Defendants shall serve amended responses to SRHP's RFAs in accordance with this order.

Dated:   April 17, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:05-cv-198 Notice will be electronically mailed to**:

Steven A. Ellenberg sellenberg@rubyschofield.com, mjones@rubyschofield.com

Alan Michael Jones ajones@jonesturner.com, jgallagher@jonesturner.com

Allen Ruby aruby@rubyschofield.com

Glen W. Schofield gschofield@rubyschofield.com, bug@rubyschofield.com

Gary R. Selvin gselvin@selvinwraith.com, kshahin@selvinwraith.com

Steven Donald Turner sturner@jonesturner.com, htornay@jonesturner.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.