*E-FILED: 4/18/2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, L.P.,<br><br>　　　　Plaintiff,<br>　v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, GALLAGHER-PIPINO, INC. and ARTHUR J. GALLAGHER & CO.,<br><br>　　　　Defendants.<br>_____ / | No. C05-00198 JW (HRL)<br><br>**ORDER (1) GRANTING DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES; AND (2) DENYING ZURICH'S MOTION FOR SANCTIONS**<br><br>**[Re: Docket Nos. 265, 266]** |

Defendant/Cross-claimant Zurich American Insurance Company ("Zurich") moves to compel interrogatory answers from defendant/cross-defendant Gallagher-Pipino, Inc. ("GP"). Zurich also moves for an award of monetary sanctions. GP opposes the motions and requests an award of monetary sanctions against Zurich. Upon consideration of the papers filed by the parties, as well as the arguments presented at the April 17, 2007 hearing, this court grants Zurich's motion to compel and denies sanctions to both parties.

**I. BACKGROUND**

This is an insurance action for alleged breach of contract and fraud. SRHP is the owner and operator of the Hotel Valencia located at Santana Row. Santana Row was developed by Federal Realty Investment Trust ("FRIT"). Zurich is an insurance carrier that issued a builder's risk insurance policy to FRIT related to the construction of the Santana Row development. GP

1  is an insurance broker.

2  SRHP claims that it is an insured under the builder's risk insurance policy issued to
3  FRIT and that the policy covers losses it sustained in a fire at Santana Row on August 19, 2002.
4  Plaintiff alleges that insurance coverage is evidenced by two property insurance certificates
5  which were issued by GP after the claimed loss.

6  Zurich denies that it agreed to insure plaintiff under the policy or that it authorized
7  others to bind coverage on plaintiff's behalf. Specifically, it contends that the property
8  insurance certificates do not create coverage and that GP did not have authority to issue them in
9  the first place. Zurich has filed cross-claims against GP and Arthur J. Gallagher & Company
10 (GP's parent company) for breach of contract, contractual indemnity, equitable contribution,
11 negligent misrepresentation and fraud.

12 At issue in the instant motion are two interrogatories which Zurich served on GP,
13 seeking information about GP's revenues for the years 1998-2002:

14 • <u>Interrogatory No. 22</u>: "State (by calendar year and separately for 1998, 1999, 2000, 2001, and 2002) the total amount of revenue YOU received from any
15     source as a result of insurance products provided to FRIT."

16 • <u>Interrogatory No. 23</u>: "State (by calendar year and separately for 1998, 1999, 2000, 2001, and 2002) the total amount of revenues YOU received from the sale
17     of insurance products to all of YOUR customers."

18 (Burnovski Decl., Ex. A). GP has designated a rebuttal expert, Donald A. Way, to opine on the
19 standard of care. Zurich points out that, in his written report, Way opined that the property
20 insurance certificates issued by GP were "'the result of attempting to 'make happy' a large
21 client (FRIT).'" (Mot. at p. 1:20). Zurich contends that the interrogatories at issue seek
22 information that is relevant to show GP's financial motive (that is, to please FRIT) in issuing
23 the certificates without authorization. GP argues that the interrogatories are vague, ambiguous,
24 overbroad, unduly burdensome and seek information that is irrelevant and private.

25 **II.  DISCUSSION**

26 GP argues that the requested information has no bearing on Zurich's cross-claims
27 because Zurich is not seeking any exemplary damages. Additionally, GP contends that Way
28 was merely speculating about reasons why the property insurance certificates were issued.

2

1  Zurich says that the fact that it is not seeking exemplary damages is immaterial. It maintains
2  that the requested information is relevant to explain why GP issued the certificates of insurance
3  without Zurich's authorization.

4  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to
5  the claim or defense of any party . . .." FED.R.CIV.P. 26(b)(1). "Relevant information need not
6  be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery
7  of admissible evidence." *Id*. "'Discovery should ordinarily be allowed under the concept of
8  relevancy unless it is clear that the information sought can have no possible bearing upon the
9  subject matter of this action.'" *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D.
10 Cal. 1995) (quoting *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248,
11 250 (D. Kan. 1993)).

12 In the instant case, the requested information is relevant or may lead to the discovery of
13 admissible evidence as to Zurich's apparent theory that GP was financially motivated to lie
14 about the existence of coverage and to issue the property insurance certificates without
15 permission. This court concludes that Zurich fairly should have some leeway to explore and
16 develop that contention.

17 In its opposition brief, GP claims that it and FRIT have a general right of privacy under
18 the U.S. Constitution and that the interrogatories at issue violate that privacy right. However,
19 no such objection was raised in its response to the interrogatories at issue, and GP has not
20 shown good cause for the failure to do so. As such, that objection has been waived. *See*
21 FED.R.CIV.P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the
22 party's failure to object is excused by the court for good cause shown.").

23 GP did timely object to the interrogatories on the ground that the requested information
24 is "private" and "confidential" under California Civil Code Section 3295. GP correctly notes
25 that where, as here, subject matter jurisdiction rests on diversity (28 U.S.C. § 1332), issues of
26 privilege are decided in accordance with California law. *See* FED.R.EVID. 501. However, GP
27 has not convincingly demonstrated that California Civil Code Section 3295 precludes, or even
28 applies to, the discovery at issue. That statute permits a party to request a protective order

1  requiring that a prima facie case for exemplary damages be established before any of its
2  financial information is disclosed. CAL. CIV. CODE § 3295(a)(1), (2). Even assuming that the
3  statute does apply, this court concludes that it does not bar the discovery sought by Zurich. No
4  such protective order has been sought by GP; and, as discussed above, GP acknowledges that
5  Zurich is not seeking exemplary damages. Moreover, Zurich says that it wants only gross
6  revenue numbers, not GP's net worth. Additionally, there is no indication that Zurich is a
7  competitor of GP, and the financial figures Zurich seeks are old information. At any rate, this
8  court has already issued a protective order that is sufficient to address any privacy or
9  confidentiality concerns. (*See* Stipulated Protective Order, Docket No. 36).

10  GP contends that both interrogatories are vague and ambiguous as to the terms
11  "revenue" and "insurance products." This court does not find these terms to be so vague or
12  ambiguous that GP is precluded from providing an answer based upon reason and common
13  sense. Indeed, GP's papers indicate that it does, in fact, have an understanding of those terms.
14  (*See* Opp. at p. 7). *See Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D.
15  Kan. 1996) ("Respondents should exercise reason and common sense to attribute ordinary
16  definitions to terms and phrases utilized in interrogatories. To clarify their answers,
17  respondents may include any necessary, reasonable definition of such terms or phrases.").

18  Nor has GP convincingly demonstrated that the interrogatories are overbroad or that any
19  burden that they impose is undue. Both interrogatories are limited to a five-year period
20  surrounding the events at issue in this litigation. GP says that it provides a wide variety of
21  insurance products to different clients. However, as discussed above, Zurich confirmed that it is
22  seeking only gross revenue numbers for each of the five years in question.

23  GP asserts that Zurich should have asked Way in deposition what he meant when he said
24  that the certificates were issued to "make happy a large client." However, the court is
25  unpersuaded that Zurich was or should be limited to depositions as the sole means of obtaining
26  the requested information. In any event, Zurich asserts that it could not have asked Way about
27  the requested financial information because he did not specifically opine about that data in his
28  report.

Accordingly, Zurich's motion to compel is granted. Nevertheless, Zurich's motion for sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A) is denied. While the court has concluded that GP's objections do not carry the day, it does not find that monetary sanctions are warranted.

GP's request for sanctions pursuant to Fed. R. Civ. P. 26(g)(3) is also denied. The court does not find that any such sanctions are warranted.

## III.  ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Zurich's motion to compel is GRANTED. GP shall serve its answers to Interrogatory Nos. 22 and 23 **no later than April 28, 2007**.

2. Zurich's motion for sanctions is DENIED.

3. GP's request for sanctions is DENIED.

Dated:   April 18, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**5:05-cv-198 Notice will be electronically mailed to**:

Steven A. Ellenberg sellenberg@rubyschofield.com, mjones@rubyschofield.com

Alan Michael Jones ajones@jonesturner.com, jgallagher@jonesturner.com

Allen Ruby aruby@rubyschofield.com

Glen W. Schofield gschofield@rubyschofield.com, bug@rubyschofield.com

Gary R. Selvin gselvin@selvinwraith.com, kshahin@selvinwraith.com

Steven Donald Turner sturner@jonesturner.com, htornay@jonesturner.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.