**\*E-FILED 10/15/2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, L.P., | No. C05-00198 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S REQUEST FOR FEES AND EXPENSES** |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, GALLAGHER-PIPINO, INC. and ARTHUR J. GALLAGHER & CO., | **[Re: Docket Nos. 311, 312]** |
| Defendants. | |

On April 17, 2007, this court granted the Gallagher Defendants' motion to withdraw admissions, but nonetheless stated that it would entertain a request from plaintiff "(a) itemizing with particularity the otherwise unnecessary expenses (including attorney fees) incurred in connection with the instant motion which were directly caused by the Gallagher Defendants' belated responses; and (b) setting forth an appropriate justification for any attorney-fee hourly rate claimed." (*See* Docket No. 301 at 9:9-13).  Plaintiff has submitted the declarations from its counsel, claiming that it incurred $16,652.50 in unnecessary fees and expenses because of the Gallagher Defendants' belated (and deficient) responses to its requests for admission.  The Gallagher Defendants filed a response stating its objections.  Upon consideration of the moving and responding papers, the court issues the following order.

Case 5:05-cv-00198-JW   Document 354   Filed 10/15/07   Page 2 of 3

This court is well familiar with the range of rates customarily charged by attorneys practicing before it, and the stated hourly rates are within the range for cases of this magnitude and complexity.[1] Nevertheless, although counsel insist that their time estimations are accurate, their submissions indicate that the claimed time spent on the identified tasks are approximations only. Moreover, plaintiff's counsel have not convincingly demonstrated the reasonableness of the time spent on identified tasks. Nor have they shown that plaintiff is entitled to be compensated for all identified tasks. At the same time, however, the court agreed that defendants' belated responses were deficient in certain respects and required supplementation. Any doubts this court may have as to the sufficiency of plaintiff's counsel's showing as to the reasonableness of the hourly rates, or as to the efficiency of the time spent on the identified tasks, are eliminated by the award of a small fraction of the claimed fees.

After due consideration of the reasonableness of the fee request, IT IS ORDERED THAT plaintiff's motion is GRANTED IN PART. The Gallagher Defendants shall pay $1900 to plaintiff for attorney's fees/costs incurred in litigating their underlying motion to withdraw.

Dated:   October 15, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's counsel advise that they have been retained on a contingency-fee basis. However, the parties apparently do not dispute that contingency-fee clients are not precluded from receiving monetary awards. *See generally, e.g., Gotro v. R&B Realty Group*, 69 F.3d 1485, 1487-88 (9th Cir. 1995) (removal statute permitting recovery of "actual expenses . . . incurred" does not preclude recovery by contingency fee litigant); *Adams v. Adams*, 52 Cal. App.4th 911, 914 (1997) ("Just because a client does not become liable to pay an attorney for services rendered if a settlement is not reached or a favorable judgment rendered does not preclude imposition of sanctions for an attorney's egregious behavior.").

2

**5:05-cv-198 Notice will be electronically mailed to**:

Ron Howard Burnovski   rburnovski@jonesturner.com

Steven A. Ellenberg   sellenberg@rubyschofield.com, mjones@rubyschofield.com

Alan Michael Jones   ajones@jonesturner.com, jgallagher@jonesturner.com

Curtis Richard Ogilvie   cogilvie@selvinwraith.com, kmcandrews@selvinwraith.com

Allen Ruby   aruby@rubyschofield.com

Glen William Schofield   gschofield@rubyschofield.com, bug@rubyschofield.com

Gary Robert Selvin   gselvin@selvinwraith.com, kshahin@selvinwraith.com

Steven Donald Turner   sturner@jonesturner.com, htornay@jonesturner.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.