Gary R. Selvin, State Bar No. 112030
Curtis R. Ogilvie, State Bar No. 111911
SELVIN WRAITH HALMAN LLP
505 14th Street, Suite 1200
Oakland, CA 94612
Telephone:   (510) 874-1811
Facsimile:    (510) 465-8976
E-mail:  gselvin@selvinwraith.com
         cogilvie@selvinwraith.com

Attorneys for Defendants and Cross-Defendants
Arthur J. Gallagher & Co. and Gallagher-Pipino, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| SANTANA ROW HOTEL PARTNERS, LP,<br><br>         Plaintiff,<br><br>    v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, ET AL.,<br><br>         Defendant.<br><br>AND ALL RELATED CROSS ACTIONS | CASE NO.: 5:05-cv-00198-JW<br><br>**GALLAGHER-PIPINO'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:   December 17, 2007<br>Time:  9:00 a.m.<br>Dept.:  8<br>Judge: Hon. James Ware<br>Complaint Filed: January 12, 2005<br>Trial Date: March 12, 2008 |

## I.   INTRODUCTION

Plaintiff Santana Row Hotel Partners ("SRHP") has filed a single opposition to two separate and distinct motions, this motion brought by Gallagher-Pipino, Inc. ("G-P") and a separate motion brought by co-defendant Arthur J. Gallagher & Co. ("AJG"). In a transparent attempt to blur the distinct issues presented by these motions, SRHP only employs the singular "Gallagher" nearly exclusively in its single memorandum of points and authorities, and makes repeated reference to a single motion for summary judgment.[1] AJG and G-P are two distinct entities, separate corporations

---

[1] In replying to SRHP's opposition, G-P is left to speculate and guess what commentary/argument contained in this opposition is directed to G-P's motion and what portions of the opposition are directed to AJG's motion. Accordingly, G-P objects to SRHP's opposition as well as the declarations submitted in support of this opposition (all of which are similarly directed to a single motion for summary judgment) as vague and incomprehensible.

1

**G-P'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS                                                               CASE NO.  5:05-cv-00198-JW**

1  and separate defendants, sued at different points in time by SRHP.  Plaintiff recognized that in its
2  own first and second amended complaint, where it alleges AJG is the parent, incorporated in Illinois
3  and G-P is a corporation incorporated in Ohio.  Plaintiff has no justification for not distinguishing
4  them as parties, and addressing the separate motions.

5        The two motions for summary judgment on the statute of limitations center on two different
6  dates: SRHP named G-P as a defendant in the initial lawsuit filed on <u>January 12, 2005.</u>  The plaintiff
7  did not name AJG.  Subsequently, it added AJG as a defendant on <u>November 30, 2005.</u>   The
8  applicable statute of limitations of SRHP's claims against both of these defendants is <u>two years</u>.

9        Plaintiff and its public adjusters had the policy immediately after the fire.  Defendants could
10 not conceal SRHP's status under the policy.  It was not visible then – and not ever – that SRHP was a
11 named insured

12       The communications between SRHP and Zurich American Insurance Company ("ZURICH")
13 in December of 2002 constituted an accrual of SRHP's causes of action against G-P.  Plaintiff filed
14 this lawsuit on January 12, 2005, after the statute of limitations expired.  The <u>only</u> reasonable
15 inference that can be drawn from those communications is that ZURICH's refusal to acknowledge
16 Delay in Completion coverage for SRHP in December of 2002 constituted the commencement of the
17 two year limitations period and any filings after November 30, 2004 were time barred.

18       There can be no question that the December 2002 discussions constituted an accrual of
19 SRHP's causes of action against G-P; but, it is beyond dispute that the uncontroverted and repeated
20 refusals by ZURICH to acknowledge plaintiff's status as an insured, and its failure to acknowledge
21 Delay in Completion coverage for SRHP throughout 2003 certainly act as a time bar.  Plaintiff does
22 not contest the testimony cited in the opening brief extensively demonstrating its knowledge in
23 December of 2002 that ZURICH did not intend to acknowledge coverage for plaintiff.  This was the
24 only conceivable accrual date of SRHP's claims.  SRHP knew that its statute of limitations was soon
25 to expire, when, in September of 2003, it sought and obtained from ZURICH an extension of time
26 through January 31, 2005 to file its complaint.

27       Fatal to its opposition, SRHP fails to deny the evidence cited against it; it fails to raise any
28 genuine issue of fact disputing that by the end of 2002 it had sustained damages and had full

1  knowledge of the facts upon which it would ultimately allege professional negligence claims against
2  G-P.

3  Consistent with its strategy of obfuscation,[2] SRHP burdens the Court with irrelevant facts
4  hoping to bury the uncontroverted and inescapable conclusion that by December, 2002 it knew
5  ZURICH was refusing to afford SRHP Delay in Completion coverage under the builder's risk policy
6  ZURICH issued to SRHP's lender/landlord.

7  <u>G-P was not named as a defendant until January of 2005</u>.  All of SRHP's causes of action
8  against G-P (Breach of a Third Party Beneficiary Contract, Fraud, and Breach of Duty) constitute
9  claims for professional negligence with a <u>two-year statute of limitations</u>.  As these causes of action
10 accrued more than two years before G-P was named as a defendant, all are barred by the Statute of
11 Limitations embodied in California Code of Civil Procedure § 339.

## II.    SRHP'S CLAIMS AGAINST G-P ARE TIME-BARRED

13 It is well-established that the accrual of a cause of action commences once a plaintiff
14 discovers the facts constituting the cause of action or, as a reasonable person, should have been put on
15 inquiry that his or her injury was caused by tortious wrongdoing.  Thus, alternate tests have been
16 established for triggering the limitations period: (1) a subjective test requiring actual suspicion by the
17 plaintiff that his or her injury or damage was caused by a wrongdoing; and (2)  an objective test
18 requiring a showing that a reasonable person would have suspected the injury or damage was caused
19 by wrongdoing.  *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109-1111.)  If either standard is
20 met, the limitations period commences running.

21 In the present case, <u>both</u> standards are met.

22 There is no question that SRHP had actual knowledge of its alleged "injury" by December of
23 2002, when ZURICH declined to acknowledge the Delay in Completion coverage for SRHP.   As set
24 forth in G-P's moving papers, SRHP's public adjustor Harvey Goodman testified at length regarding
25 his bi-monthly meetings with Mr. Healey in the months following the August 19, 2002 fire.  Mr.
26 Goodman testified under oath that **no later than December 19, 2002**, Mr. Healey informed him that

---

[2] See G-P's Objections to Evidence filed concurrent with this Reply Brief.

1  ZURICH was <u>not</u> acknowledging coverage.  Mr. Goodman understood this to be significant for his
2  client, and immediately communicated this to SRHP.  (G-P's Memorandum of Points and Authorities
3  in Support of Motion for Summary Judgment ["MPA"] at pp. 3:23 – 5:7.)   ZURICH's refusal to
4  acknowledge Delay in Completion coverage (or, as Mr. Goodman characterized this conduct, "Zurich
5  was still resisting the coverage") continued during the ensuing months.  (MPA at p. 5:12-27.)
6  According to Mr. Goodman, ZURICH has never received any evidence that SRHP was covered under
7  the Delay in Completion endorsement to the FRIT policy.  (MPA at p. 6:7-15.)

8  Plaintiff makes much of the fact its brokers were advocating on its behalf, writing letters, and
9  issuing certificates up until January 8, 2003.  That is irrelevant.  There is no question and can be no
10  dispute that SRHP had actual (certainly more than reasonable suspicion) of the cause of its alleged
11  "injury" through Mr. Goodman's meetings with ZURICH and receipt of ZURICH's September 18,
12  2003 denial letter.  Under this element, often referred to as "factual cause," SRHP need not know the
13  precise manner in which its alleged damages were caused in order to trigger the limitations period.
14  *Clark v. Baxter Nealthcare Corp.* (2000) 83 Cal.App.4th 1048, 1057; *Knowles v. Superior Court*
15  (2004) 118 Cal.App.4th 1290, 1297.  In the case at bar, SRHP knew in December of 2002 that
16  ZURICH was not acknowledging Delay in Completion coverage.  Whether SRHP knew, or had
17  reason to know that its alleged injury was caused by a specific party – be it G-P, or AJG -  is
18  immaterial for purposes of determining accrual.  "The failure to discover, or have reason to discover,
19  the identity of the defendant does not postpone the accrual of the cause of action…"  *Norgart v.*
20  *Upjohn* (1999) 21 Cal.4th 383, 399.

21  In *Bristol-Myers Squibb Company v. Superior Court* (1995) 32 Cal.App.4th 959 disapproved
22  on other grounds in *Norgart v. Upjohn, supra*, 21 Cal.4th 387, the Court of Appeal addressed the
23  issue of whether a plaintiff must know the specific nature of the cause of his or her injury and the
24  identity of the defendant who caused it: "[W]hen a plaintiff has cause to sue based on knowledge or
25  suspicion of wrongdoing, the statute starts to run as to *all* potential defendants." (*Id.* at 966 [emphasis
26  in original]; cited with approval in *Knowles v. Superior Court, supra*, 118 Cal.App.4th at 1300.)

27  Plaintiff argues that there is no evidence it "suspected Gallagher failed to procure insurance."
28  (OB at p. 12.)  In the face of the extensive testimony by plaintiff's own agent, Harvey Goodman, this

makes no sense and is unsupported by any admissible evidence.  In the present case, it is uncontroverted that SRHP knew on December 19, 2002 that the cause of ZURICH's denial of SRHP's claim for delayed completion was that SRHP was not a Named Insured under the Delay in Completion Endorsement.

SRHP next contends that "Gallagher *(sic)* bases its entire motion that the statute of limitations began to run in December of 2002 on the testimony of Harvey Goodman about a single communication from ZURICH's Jack Healey."  (OB at p. 13:2 et seq.)  As set forth in G-P's moving papers, plaintiff's contention is simply an ostrich-like attempt to ignore the evidence.  In his deposition testimony, cited to this Court, Mr. Goodman confirmed numerous meetings with ZURICH in which he was informed of ZURICH's ongoing refusal to acknowledge Delay in Completion coverage for the Hotel.  (MPA at pp. 5:12 – 8:16.)

In its opposition, SRHP seeks to toll or extend the statute of limitations by referencing a large number of irrelevant and immaterial facts, yet fails to discuss tolling principles applicable to insurers such as ZURICH which are not applicable to brokers such as G-P.

In an action by an insured against an insurer, the statute of limitations is tolled "from the time the insured files a timely notice, pursuant to policy notice provisions, to the time the insurer formally denies the claim in writing." *Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 678.  This tolling principle applies to contractual limitations provisions in an insurance policy as well as statutory provisions like California Code of Civil Procedure ("CCP") section 339.  *Aliberti v. Allstate Ins.* (1999) 74 Cal.App.4th 138, 145.

The tolling permitted under *Prudential-LMI* is based upon factors specific to the processing of an insured's claim by an insurer.  In contrast, case law explicitly rejects the concept of tolling of an action against a broker.  *Hydro-Mill Co., Inc., v. Hayward, Tilton and Rolapp Ins. Associates, Inc. (*2004 115 Cal.App.4th at 1159.  That analysis makes sense: a broker has no control over an insurer's investigations into coverage.  When ZURICH informed SRHP in December of 2002 that Delay in Completion coverage would not be forthcoming, until there was an official denial or final adjustment of the loss, the doctrine of equitable tolling applied as to ZURICH.  However, under California law, all of the elements which began running the statute of limitations on the causes of action against G-P

1  - wrongful conduct, causation, and harm - were satisfied.

2  ZURICH's subsequent investigations, negotiations, and *ex gratia* payment (OB at p.8:5 et
3  seq.) do not toll or otherwise extend the time in which SRHP could bring its action against G-P.
4  SRHP cites no authority for this contention, as none exist.

5  SRHP argues, disingenuously, that the statute of limitations in this matter did not begin to run
6  until December 23, 2004.  (SRHP's Opposition Brief ["OB"] at p.2:27; p.12:9.)  As noted in G-P's
7  moving papers, SRHP sought and obtained an extension of time to file its lawsuit in September of
8  2004, three months before SRHP argues the statute of limitation even began to run.  The only
9  legitimate inference to be drawn from SRHP's request for such an extension (here through January of
10 2005) would be that SRHP was seeking to extend the soon to expire two-year statute of limitations,
11 and would be consistent with a December 2002 accrual date.  It is inconceivable that SRHP or any
12 other rational litigant would make such a request before the statute had begun to run, a scenario
13 SRHP now advances.

14 Perhaps the plaintiff overlooked its cause of action against broker defendants; perhaps the
15 plaintiff's lawyer mistakenly believed that the doctrine of equitable tolling applied to the broker
16 defendants; perhaps he mistakenly believed the tolling agreement might include the broker
17 defendants.  All of that is irrelevant; the two-year statute had run already.

18 **III. NOTWITHSTANDING SRHP'S LABEL, THE FRAUD CAUSE OF ACTION AGAINST G-P IS A PROFESSIONAL MALPRACTICE CLAIM SOUNDING IN TORT WITH A**
19 **TWO-YEAR STATUTE OF LIMITATIONS**

20 SRHP's inclusion of the fraud cause of action to extend or toll the two-year statute of
21 limitations (patently applicable to the fifth and seventh causes of action) is unavailing.  The gravamen
22 of SRHP's claims against G-P is that G-P failed to discharge its obligations as an insurance broker
23 and accordingly the two year period for professional negligence applies to the cause of action
24 denominated "fraud," rendering it, along with the fifth and seventh causes of action, untimely.

25 Liability on all causes of action against G-P are predicated on the same findings: SRHP
26 alleges that G-P failed to obtain the requested coverage and subsequently misrepresented that failure.
27 SRHP's causes of action, regardless of appellation, amount to a claim of professional negligence.
28 Because a two-year statute of limitations governs that type of claim, SRHP cannot prolong the

1  limitations period by simply entitling a cause of action "fraud."

2  All of SRHP's causes of action are based upon the same alleged facts, e.g., that G-P breached an obligation to secure insurance coverage for SRHP and subsequently misrepresented this alleged breach. The primary interest implicated by G-P's alleged wrongful conduct is simply SRHP's right to be secure from the risk of financial loss. As in *Smyth v. USAA Property & Casualty Insurance Company* (1992) 5 Cal.App.4th 1470, 1477, where an insured alleged that the insurer repeatedly denied the existence of insuring agreements without exercising reasonable diligence to ascertain the truth of such assertions, precisely the nature of the rights SRHP has sued on, regardless of the form of the cause of action or the relief demanded, sounds in tort and yields a two-year stature of limitations.

SRHP's proffered argument was explicitly rejected in *Ventura County National Bank, v. Macker* (1996) 49 Cal.App.4th at pp. 1528 where a bank sued a group of accountants for negligent misrepresentation, alleging false representations in an audit report of a company's financial statements knowing that the bank would rely upon the report in offering the company a line of credit. In rejecting plaintiff's contention that misrepresentation is a form of fraud (triggering a three-year statute of limitation), and concluding that the claims were time barred under the two-year statute of limitations codified in C.C.P. § 339, the Court of Appeal stated "[T]he essence of this cause of action is negligence, not fraud. [The] allegations assert a failure to meet a standard of reasonable care which results in the tortious invasion of a property right…[¶]…Negligent misrepresentation is born of the union of negligence and fraud. If negligence is the mother and misrepresentation the father, it more closely resembles the mother." The Court held that C.C.P. § 339 barred the action. *Id.* at 1529-1531.

The court rejected Santana Row's arguments, yet again, in *Hydro-Mill Co., Inc., v. Hayward, Tilton and Rolapp Ins. Associates, Inc.* (2004) 115 Cal.App.4th at 1159. There, a manufacturer sued its insurance broker, alleging the broker failed to obtain the proper earthquake insurance coverage. It also alleged the broker thereafter falsely represented that it had obtained the proper coverage. Plaintiff there also alleged breach of a fiduciary duty. The court concluded that the two-year statute of limitation applied to all theories of liability asserted against the broker because they were predicated on the same allegations: that the broker failed to obtain the requested coverage and falsely represented that it had done so. In short, *Hydro-Mill*'s causes of action, regardless of appellation,

amount to a claim of professional negligence. The Court of Appeal held that the two-year statute of limitations governs that type of claim, (§ 339), "Hydro Mill cannot prolong the limitations period by invoking a fiduciary theory of liability."

SRHP's fraud cause of action is indistinguishable. It claims that G-P failed to obtain the requested coverage and then made subsequent false statements in certificates of insurance that the proper coverage had been obtained – the very same facts supporting liability on the breach of duty cause of action. Where, as here, a plaintiff alleges that a defendant sought to shield itself from liability by misrepresenting the existence of an insuring agreement, **the action sounds in tort**. It is subject to a two-year statute of limitations under all of the above-cited case law.

As a last grasp effort to avoid the two-year statute of limitations, plaintiff attempts to distinguish the multiple cases that apply a two-year statute of limitations by arguing those cases only applied to negligent misrepresentation, not intentional misrepresentation. There is no case law to support that argument. Common sense does not support that argument. It would turn logic on its head for there to be a two-year statute of limitations if the plaintiff proved there was a negligent misstatement regarding the applicability of insurance coverage, but a three-year statute of limitation if the plaintiff proved an intentional misstatement. Under California law, negligent misrepresentation is merely a species of fraud. "[N]egligent misrepresentation requires intent to induce reliance and, therefore, is a subspecies or variety of fraud." *Chatton v. National Union Fire Ins. Co.* (1992) 10 Cal.App.4th 846. Plaintiff's attempts to distinguish the multiple contrary authorities is unavailing.

## IV.   CONCLUSION

The failure of a plaintiff to comply with the statute of limitations creates an appropriate basis for the granting of a motion for summary judgment where the uncontroverted facts are susceptible to only one legitimate inference. Gallagher-Pipino, Inc. submits that this is such a case.

SRHP learned fairly quickly after the fire, certainly no later than December 19, 2002 that ZURICH was declining to acknowledge Delay in Completion coverage for SRHP under the builder's risk policy issued to FRIT.

SRHP knew on December 19, 2002 of the alleged wrongdoing. Accordingly, SRHP's causes of action against G-P accrued on that date. The statute of limitations on these causes of action

8

G-P'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE
STATUTE OF LIMITATIONS                                                CASE NO.  5:05-cv-00198-JW

1  expired no later than December 19, 2004, a month before G-P was named as a defendant in this
2  litigation.
3      Based upon the foregoing, Gallagher-Pipino, Inc. respectfully requests that its motion for
4  summary judgment be granted in its entirety and that it be awarded statutory costs of suit.
5  Dated:  December 3, 2007                SELVIN WRAITH HALMAN LLP

By: /s/
        Gary R. Selvin
        Curtis R. Ogilvie
        Attorneys for Defendants and Cross-Defendants
        Arthur J. Gallagher & Co. and Gallagher-Pipino, Inc.

47082.doc

9
**G-P'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT RE STATUTE OF LIMITATIONS                                    CASE NO.  5:05-cv-00198-JW**